J-A29021-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                            :               PENNSYLVANIA
                                            :
                    v.                         :
                                            :
SHAWN LEANEIL DANIELS            :
                                            :
               Appellant           :      No. 606 WDA 2021

Appeal from the PCRA Order Entered June 21, 2021
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0011757-2017

BEFORE: BENDER, P.J.E., BOWES, J., and PELLEGRINI, J.[*]

MEMORANDUM BY BOWES, J.:          **FILED: DECEMBER 13, 2021**

Shawn Leaneil Daniels appeals *pro se* from the June 21, 2021 order

dismissing as untimely his ninth petition filed pursuant to the Post Conviction

Relief Act ("PCRA"). After careful review, we affirm.

On March 5, 2018, Appellant entered a negotiated guilty plea to

aggravated indecent assault of a child and indecent assault of a person less

than thirteen years of age. Appellant did not file a direct appeal. Thus, his

sentence became final on April 4, 2018. *See* 42 Pa.C.S. § 9545(b)(3)

(providing "a judgment becomes final at the conclusion of direct review,

including discretionary review in the Supreme Court of the United States and

the Supreme Court of Pennsylvania, or at the expiration of time for seeking

---

[*] Retired Senior Judge assigned to the Superior Court.

the review"); Pa.R.A.P. 903(a) (providing that a notice of appeal "shall be filed within 30 days after the entry of the order from which the appeal is taken").

Since his conviction in 2018, Appellant has filed numerous petitions seeking relief pursuant to the PCRA, none of which garnered him relief. On May 5, 2021, Appellant *pro se* filed the petition at issue in the instant appeal, alleging ineffective assistance of counsel and the discovery of new exculpatory evidence. **See** PCRA Petition, 5/5/21, at 2.

On May 7, 2021, the PCRA court issued a notice pursuant to Pa.R.Crim.P. 907 informing Appellant of its intent to dismiss the petition without a hearing. Appellant did not file a response. On June 21, 2021, the PCRA court dismissed Appellant's petition as untimely. This appeal followed.[1] Both Appellant and the PCRA court have complied with Pa.R.A.P. 1925.

Appellant raises the following issues on appeal:

1. Did the [PCRA] court err by signing an illegal guilty plea bargain agreement by not inquiring into [Appellant's] ability to pay the cost of court/fines in the amount of $1,645.33[,] which is required by the mandated sentencing code subsection 42 Pa.C.S. § 9726(c)?

2. Did the [PCRA] court err by dismissing [Appellant's] PCRA petition [without] holding a[n] evidentiary hearing and

---

[1] On May 20, 2021, Appellant filed a premature notice of appeal from the PCRA court's Rule 907 notice, a non-final order. This order became final, however, when the court dismissed Appellant's petition on June 21, 2021. Accordingly, we deem this appeal timely filed from the subsequent final order. **See** Pa.R.A.P. 905(a)(5) ("A notice of appeal filed after the announcement of a determination but before the entry of an appealable order shall be treated as filed after such entry and on the day thereof.").

[Appellant] had four witnesses with newly[-]discovered evidence to testify on [Appellant's] behalf at a[n] evidentiary hearing?

3. Was trial counsel ineffective by intimidating [Appellant] to accept the illegal guilty plea agreement by stating to [Appellant] if he did not accept the guilty plea agreement he would get 80 years in prison?

Appellant's Brief at 4 (cleaned up).[2]

Our standard of review of the PCRA court's dismissal order "is whether that determination is supported by the evidence of record and is free of legal error." *Commonwealth v. Cruz*, 223 A.3d 274, 277 (Pa.Super. 2019) (cleaned up). "It is an appellant's burden to persuade us that the PCRA court erred and that relief is due." *Commonwealth v. Stansbury*, 219 A.3d 157, 161 (Pa.Super. 2019) (internal quotation marks omitted).

Before we consider the substance of Appellant's claims, we must determine whether his petition was timely, as "no court has jurisdiction to

---

[2] On the second page of the section of Appellant's *pro se* brief titled "Statement of Question Involved," Appellant has also included an unnumbered paragraph in which he states, verbatim, that: "The trial court judge should of recused herself from the defendant's case due to err's she made in the defendant's previous case. Docket Number: 1241 WDA 2011: The Commonwealth criticized the trial court judge as well as the assistant district attorney. See attached page Exhibit-B. Please review attached documents A-B-C-D-E-F-G-H." We are unable to discern whether Appellant intended to raise this issue as an additional question for this Court's review. In any event, given that Appellant did not raise the PCRA (or trial) court's recusal in his PCRA petition or file a motion to recuse, this issue is not preserved for our review. *See* Pa.R.A.P. 302(a) ("Issues not raised in the trial court are waived and cannot be raised for the first time on appeal.").

hear an untimely PCRA petition." ***Commonwealth v. Ballance***, 203 A.3d 1027, 1031 (Pa.Super. 2019). To obtain relief under the PCRA, a petition must be filed within one year from the date the judgment of sentence became final. ***See*** 42 Pa.C.S. § 9545(b)(1). Appellant's petition, filed more than three years after his judgment of sentence became final, is thus facially untimely.

Pennsylvania courts may nonetheless consider an untimely PCRA petition if the petitioner plead and offered to prove one of the three timeliness exceptions set forth in § 9545(b)(1).[3] Any petition invoking an exception must be filed within one year of the date the claim could have been presented. ***See*** 42 Pa.C.S § 9545(b)(2).

Appellant first asserted that his petition fell within the PCRA's timeliness exception for newly discovered facts that could not have been discovered

_____

[3] The three statutory timeliness exceptions are as follows:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; [and]
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1).

earlier by exercising due diligence pursuant to 42 Pa.C.S. § 9545(b)(1)(ii). *See* PCRA Petition, 5/5/21, at 3.

Due diligence requires that a "petitioner take reasonable steps to protect his own interests." *Commonwealth v. Shaw*, 217 A.3d 265, 270 (Pa.Super. 2019). A petitioner must explain why he could not have learned the new fact(s) earlier with the exercise of due diligence. *Commonwealth v. Breakiron*, 781 A.2d 94, 98 (Pa. 2001). "This rule is strictly enforced." *Commonwealth v. Monaco*, 996 A.2d 1076, 1080 (Pa. Super. 2010) (citation omitted).

Appellant avers that four witnesses who could identify the actual perpetrator of the crimes to which Appellant pleaded guilty were "unavailable." *See* PCRA Petition, 5/5/21, at 3, 7. Although Appellant listed in his petition the names and addresses of the four witnesses, Appellant did not state when he learned that these witnesses could offer exculpatory testimony or why he was not able to obtain this information earlier through the exercise of due diligence. Since Appellant failed to establish that he exercised due diligence to ascertain these "new facts," the PCRA court properly concluded that Appellant failed to satisfy the timeliness exception provided in Section 9545(b)(1)(ii).

Appellant also asserted that his petition falls within the PCRA's timeliness exception for newly recognized constitutional rights provided at 42

Pa.C.S. § 9545(b)(1)(iii). **See** PCRA Petition, 5/5/21, at 3. The "newly-recognized constitutional right" exception has two requirements:

> First, it provides that the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or [the Pennsylvania Supreme Court] after the time provided in this section. Second, it provides that the right "has been held" by "that court" to apply retroactively. Thus, a petitioner must prove that there is a "new" constitutional right and that the right "has been held" by that court to apply retroactively. The language "has been held" is in the past tense. These words mean that the action has already occurred, *i.e.*, "that court" has already held the new constitutional right to be retroactive to cases on collateral review. By employing the past tense in writing this provision, the legislature clearly intended that the right was already recognized at the time the petition was filed.

*Commonwealth v. Spotz*, 171 A.3d 675, 679 (Pa. 2017) (cleaned up).

In support of the invocation of this time-bar exception, Appellant merely claimed that "the cost of court was not enclosed with the guilty plea that violated the mandated sentencing code 42 Pa.C.S. § 9726."[4] PCRA Petition, 5/5/21, at 3. He did not identify which decision of the United States or Pennsylvania Supreme Court recognized a new constitutional right purportedly violated by the trial court in the instant case or that the relevant decision has been held to apply retroactively. Accordingly, Appellant has not plead and proved that a newly-recognized constitutional right applies to him.

---

[4] 42 Pa.C.S. § 9726 concerns the imposition of fines in addition to, or in lieu, of other sentencing options. It does not concern the imposition of court costs on a defendant at sentencing.

- 6 -

In conclusion, the record supports the PCRA court's finding that Appellant failed to plead and prove any of the timeliness exceptions provided in 42 Pa.C.S. § 9545(b)(1). Therefore, the PCRA court properly dismissed the untimely petition for lack of jurisdiction. Accordingly, we affirm the PCRA court's dismissal order.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/13/2021