J-S29008-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| KHALIL WALKER SHABAZZ | : | |
| | : | |
| Appellant | : | No. 2236 EDA 2020 |

Appeal from the PCRA Order Entered November 5, 2020
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0008582-2013

BEFORE: PANELLA, P.J., KUNSELMAN, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY PANELLA, P.J.: **FILED FEBRUARY 11, 2022**

Khalil Walker Shabazz appeals from the order dismissing his first petition filed pursuant to the Post Conviction Relief Act ("PCRA"). He contends the PCRA court erred in finding that evidence of Philadelphia Police Detective Ronald Dove's corruption did not call the validity of Shabazz's conviction for third-degree murder into question. We affirm.

After an investigation, Philadelphia police arrested Shabazz and charged him with the third-degree murder of Jerry Edwards. Prior to trial, Shabazz filed a motion for discovery of the personnel and disciplinary files of Detective Dove. Dove had recently made news after being arrested for helping his girlfriend flee the city and attempting to influence the investigation of the

_____

[*] Former Justice specially assigned to the Superior Court.

murder of Cesar Vera, where Dove's girlfriend was the primary suspect. Shabazz asserted these files were relevant because Detective Dove had been involved at several points in the investigation of Jerry Edwards's death.

The trial court held a hearing and subsequently denied the motion. Shabazz proceeded to a bench trial, where the trial court found Shabazz guilty of third-degree murder, possessing an instrument of crime, carrying a firearm without a license, and carrying a firearm on public streets or property in Philadelphia. Shabazz filed a timely direct appeal to this Court challenging, among other things, the trial court's denial of his request for Detective Dove's personnel and disciplinary files.

A panel of this Court affirmed Shabazz's judgment of sentence. On April 24, 2018, the Supreme Court of Pennsylvania denied Shabazz's petition for allowance of appeal.

On July 22, 2019, Shabazz filed the instant, timely, first PCRA petition.[1] In his petition, Shabazz claimed that he had discovered more evidence of misconduct by Detective Dove:

> a. Committed misconduct while investigating the July 2010 shoot[ing] death of Leslie Delzingaro;

---

[1] Shabazz's judgment of sentence became final on July 23, 2018, 90 days after April 24, 2018, when his right to seek review in the Supreme Court of the United States expired. *See* 42 Pa.C.S.A. § 9545(b)(3) (stating a judgment becomes final at the expiration of time for seeking review in the Supreme Court of the United States); U.S.Sup.Ct.R. 13(1) (stating that a petition for writ of certiorari must be filed within 90 days of the date of the judgment). To be timely, he had to file his PCRA petition before July 23, 2019. *See* 42 Pa.C.S.A. § 9545(b)(1).

> b. Withheld additional suspects in the May 2012 murder of Melanie Colon; and
> c. [W]as fired for, and convicted of his misconduct in the September 2013 murder of Cesar Vera.

PCRA Petition, 7/22/19, at 5. It was Shabazz's position that he was entitled to relief on the basis of this "after-discovered evidence." The Commonwealth filed a motion to dismiss the PCRA petition, and Shabazz filed a response to the Commonwealth's motion. After reviewing these documents, the PCRA court dismissed Shabazz's PCRA petition without a hearing, noting that the issues raised in the petition were without merit and had been previously litigated. Shabazz then filed this timely appeal.

On appeal, Shabazz argues that his petition raised sufficient allegations to require a hearing before the petition could be dismissed on the merits. Specifically, he contends that evidence of Detective Dove's "habit, pattern, and practice of manipulating and withholding evidence" is sufficient to establish his right to a new trial. Appellant's Brief, at 10.

We review the order dismissing Shabazz's PCRA petition to examine whether the PCRA court's determinations are supported by the record and the court's decision is free of legal error. *See Commonwealth v. Shaw*, 217 A.3d 265, 269 (Pa. Super. 2019). Although we give great deference to the factual findings of the PCRA court and will not disturb those findings unless they have no support in the record, we apply a *de novo* standard of review to

the PCRA court's legal conclusions. **See Commonwealth v. Benner,** 147 A.3d 915, 919 (Pa. Super. 2016).

Further, the PCRA court was not required to hold an evidentiary hearing prior to dismissing Shabazz's petition. **See Shaw,** 217 A.3d at 269. A PCRA court can decline to hold a hearing if there is "no genuine issue concerning any material fact, the petitioner is not entitled to PCRA relief, and no purpose would be served by any further proceedings." **Id**. When faced with a claim that a PCRA court erred in failing to hold a hearing, we examine each challenged issue to determine whether the PCRA court erred in its conclusion that there were no genuine issues of material fact in controversy. **See Commonwealth v. Miller,** 102 A.3d 988, 992 (Pa. Super. 2014).

To establish a right to relief on his theory of "after-discovered evidence," Shabazz was required to demonstrate the evidence at issue:

> (1) could not have been obtained prior to the conclusion of the trial by the exercise of reasonable diligence; (2) is not merely corroborative or cumulative; (3) will not be used solely to impeach the credibility of a witness; and (4) would likely result in a different verdict if a new trial were granted.

**Commonwealth v. Pagan**, 950 A.2d 270, 292 (Pa. 2008) (citation omitted). The "after-discovered" evidence test is conjunctive, meaning that a failure to establish one prong is a failure of the entire test. **See id**. Moreover, "after-discovered evidence" requires the petitioner to prove all four prongs by a preponderance of the evidence. **Commonwealth v. Foreman**, 55 A.3d 532, 537 (Pa. Super. 2012).

Here, the PCRA court focused on the third and fourth prongs of the test. The court noted that Shabazz had previously litigated his claim that Detective Dove's misconduct was relevant in this prosecution. ***See*** Opinion on Appeal, 2/4/2020, at 8. It had reviewed these claims prior to trial and concluded that Shabazz had failed to establish any relevance to the issues in his prosecution. ***See id***.

We acknowledge that Shabazz has produced more evidence of Detective Dove's misconduct than he had before trial. However, even with this new evidence, Shabazz cannot establish sufficient relevance to this case. While "relevance" is not an explicit requirement of the after-discovered evidence test, it is clearly implied in the test's final requirement that the evidence would likely cause a different result after a re-trial. For example, Shabazz could have recently learned that the Omicron variant of the Covid-19 virus can infect vaccinated people. However, this fact clearly would have no relevance to his trial and could not possibly cause a different result in a re-trial.

Similarly, even though it is clear by now that Detective Dove had integrity issues, Shabazz has still failed to demonstrate any likelihood that Dove improperly influenced this investigation. Shabazz has not alleged any motive like the motive to protect Dove's girlfriend in the Vera investigation. Further, the evidence cited by Shabazz all involves Dove attempting to shield possible acquaintances from prosecution instead of creating evidence to

falsely accuse someone. Perhaps most importantly, Detective Dove did not testify at Shabazz's trial.

Despite this, Shabazz contends the after-discovered evidence establishes that Detective Dove had a habit of "manipulating and withholding exculpatory evidence[.]" Appellant's Brief, at 14. "Evidence of his misconduct would have raised an inference that the evidence that he collected and produced is suspect, at best." *Id*., at 13. Shabazz contends that as evidence of Detective Dove's "habit, pattern and practice[,]" this evidence is admissible under Pa.R.E. 406. *Id*., at 9-10.

Initially, we note that contrary to Shabazz's assertion, this argument, without more, is simply a long-winded way of saying he would use the evidence to impeach Commonwealth witnesses. Impeachment is an attack on a witness's credibility. *See* Pa.R.E. 607(a). Shabazz's arguments are only relevant to the credibility of Detective Dove and the detectives that were associated with him during his brief involvement in the investigation. As a result, this argument would fail both the third and fourth prong of the after-discovered evidence test.

Admittedly, Detective Dove did not testify in this case. But the unsupported claim that Detective Dove withheld exculpatory evidence could be used for no other purpose than to impeach the other detectives who did testify. Further, as the Commonwealth notes, Detective Dove's involvement

in this investigation was minimal and in all relevant respects, corroborated first-hand by other detectives:

> The Commonwealth did not call Detective Dove at trial in this case as he was not a necessary witness. His role in the investigation of this case was limited to being present, with other detectives, when two witnesses gave statements, and preparing two search warrants that defendant himself conceded did not yield any evidence. (N.T. 3/4/15, 5; N.T. 11/13/15, 170, 175-179).

Commonwealth's Brief, at 12-3.

Shabazz counters by arguing that Detective Dove's misconduct is relevant to the inculpatory statement made by Shabazz's brother, Sameer, to detectives. *See* Appellant's Brief, at 13-4. Shortly after the murder, Sameer gave a statement to detectives, indicating that Shabazz had shot Edwards while they were arguing about Shabazz's car. At trial, Sameer stated that he did not recall making that statement and alleged that Detective Dove and Detective Donald Marano had mistreated him during his interview. *See* N.T., Non-Jury Trial, 11/13/15, at 90-4. However, two years earlier, Sameer only testified that Detective Marano had been "disrespectful" towards him during the interview. N.T., Preservation Hearing, 7/30/13, at 31-2. He did not highlight any malfeasance by Detective Dove.

Furthermore, none of the evidence cited by Shabazz sheds any light on Detective Dove's conduct while interviewing people during an investigation. Instead, the evidence shows that Detective Dove hid information from his fellow detectives and misdirected them during investigations. None of the evidence is therefore directly relevant to the conditions of Sameer's interview.

Under these circumstances, we cannot conclude that evidence of Detective Dove's malfeasance in totally unrelated cases would have affected the weight the trial court gave to Sameer's recorded statement, let alone the verdict. *See Foreman*, 55 A.3d at 537-8. As Shabazz has failed to establish that evidence of Detective Dove's prior malfeasance and subsequent discipline would have compelled a different verdict, we affirm.

Order affirmed.

President Judge Emeritus Stevens joins the memorandum.

Judge Kunselman concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/11/2022