J-S20040-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| GARY CALHOUN | : | |
| | : | |
| Appellant | : | No. 1364 WDA 2021 |

Appeal from the PCRA Order Entered October 20, 2021
In the Court of Common Pleas of Cambria County
Criminal Division at No(s): CP-11-CR-0000449-2012

BEFORE: NICHOLS, J., MURRAY, J., and KING, J.

MEMORANDUM BY KING, J.: **FILED: JULY 28, 2022**

Appellant, Gary Calhoun, appeals from the order entered in the Cambria County Court of Common Pleas, which dismissed his serial petition filed under the Post Conviction Relief Act ("PCRA"), at 42 Pa.C.S.A. §§ 9541-9546. We affirm.

The relevant facts and procedural history of this appeal are as follows. A jury convicted Appellant of one count of corruption of minors. On December 17, 2013, the court sentenced Appellant to a mandatory minimum term of twenty-five (25) years' imprisonment, pursuant to 42 Pa.C.S.A. § 9718.2.[1] This Court affirmed the judgment of sentence on November 12, 2014, and

---

[1] Section 9718.2 imposes a mandatory 25-year sentence on offenders who have a prior conviction for certain offenses enumerated in 42 Pa.C.S.A. § 9799.14.

Appellant did not seek further review. ***See Commonwealth v. G.C.***, 113 A.3d 347 (Pa.Super. 2014) (unpublished memorandum).

On January 5, 2015, Appellant timely filed his first PCRA petition. The court appointed counsel, who filed an amended petition on March 12, 2015. On April 28, 2015, the court denied PCRA relief. This Court affirmed the order denying PCRA relief on July 11, 2016, and Appellant did not seek further review. ***See Commonwealth v. Calhoun***, 154 A.3d 851 (Pa.Super. 2016) (unpublished memorandum). Thereafter, Appellant filed several unsuccessful PCRA petitions.

On September 13, 2021, Appellant filed the current *pro se* PCRA petition, his fifth, and a *pro se* motion for recusal. In the *pro se* PCRA petition, Appellant attempted to invoke the governmental interference and newly discovered fact exceptions to the timeliness requirements of the PCRA. Specifically, Appellant claimed that he has suffered from mental illnesses, including "major depressive and general anxiety disorders," since 2009. (PCRA Petition, filed 9/13/21, at 3.1). Appellant asserted that he "experienced a mental health crisis" prior to trial, and he proceeded to jury selection, trial, and sentencing without proper treatment. (***Id.***)

Appellant further argued that the Commonwealth "suppressed, and continues to suppress" his mental health records, which "are favorable to [Appellant] because they are expert evidence relating to the diagnoses of mental conditions." (***Id.***) Appellant insisted that his "mental conditions have

impaired [his] ability to raise or communicate these claims in court," and the newly discovered facts of his mental illness "could not have been obtained earlier because of [his] psychiatric conditions."[2] (*Id*. at 3.2).

On September 20, 2021, the court issued notice of its intent to dismiss the petition without a hearing, pursuant to Pa.R.Crim.P. 907. Appellant did not file a response to the Rule 907 notice. On October 20, 2021, the court dismissed the current PCRA petition as untimely. In a separate order entered that same day, the court denied Appellant's recusal motion.

On November 8, 2021, Appellant timely filed a *pro se* notice of appeal from the order denying PCRA relief. On November 22, 2021, the court ordered Appellant to file a Pa.R.A.P. 1925(b) concise statement of matters complained of on appeal. Appellant subsequently complied with the court's order.

On appeal, appellant now raises five issues for this Court's review:

> Did the PCRA court err in dismissing [Appellant's] petition for [PCRA] relief without a hearing because a ***Brady v. Maryland***, 373 U.S. 83 (1963) claimant is entitled to presume that the government fulfilled its ***Brady*** obligations because the [prosecution's] duty to disclose is absolute and in no way hinges on efforts by [Appellant].
>
> Did the PCRA court err in dismissing [Appellant's] petition for [PCRA] relief without a hearing because of insufficient evidence to convict [Appellant] of felony corruption of

---

[2] Although Appellant devoted the bulk of his petition to arguments related to mental health, Appellant also asserted that the Commonwealth failed to produce certain dependency petitions from a 2005 proceeding. (***See*** PCRA Petition at 3.3). Appellant posited that these records would have demonstrated that trial witnesses representing Cambria County Children and Youth Services "have shown a bias against [Appellant]." (***Id.*** at 7).

minors, 18 Pa.C.S.A. § 6301(a)(1)(ii).

Did the PCRA court err in dismissing [Appellant's] petition for [PCRA] relief without a hearing because [Appellant's] sentence is above the statutory maximum and the trial court had no authority to impose the sentence.

Did the PCRA court err in dismissing [Appellant's] petition for [PCRA] relief without a hearing because [Appellant] was designated a sexually violent predator and the trial court had no statutory authority to so designate [Appellant].

Did the PCRA court err in denying [Appellant's] motion for disqualification of judge.[3]

(Appellant's Brief at 7) (unnumbered).

As a preliminary matter, the timeliness of a PCRA petition is a jurisdictional requisite. **Commonwealth v. Hackett**, 598 Pa. 350, 956 A.2d 978 (2008), *cert. denied*, 556 U.S. 1285, 129 S.Ct. 2772, 174 L.Ed.2d 277 (2009). Pennsylvania law makes clear that no court has jurisdiction to hear an untimely PCRA petition. **Commonwealth v. Robinson**, 575 Pa. 500, 837 A.2d 1157 (2003). The PCRA requires a petition, including a second or subsequent petition, to be filed within one year of the date the underlying judgment becomes final. 42 Pa.C.S.A. § 9545(b)(1). A judgment of sentence is final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of

_____

[3] Appellant's statement of questions involved includes a challenge to the denial of the recusal motion, but Appellant omitted this issue from the argument section of his brief. Instead, Appellant fully develops the recusal issue in a related appeal, which this Court docketed at 1363 WDA 2021.

- 4 -

Pennsylvania, or at the expiration of time for seeking review." 42 Pa.C.S.A. § 9545(b)(3).

Generally, to obtain merits review of a PCRA petition filed more than one year after the judgment of sentence became final, the petitioner must allege and prove at least one of the three timeliness exceptions:

> (i)   the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States.
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii).

The proper question with respect to Section 9545(b)(1)(i)'s timeliness exception is whether the government interfered with the petitioner's ability to present his claim and whether the petitioner was duly diligent in seeking the facts upon which his claims are based. *Commonwealth v. Chimenti*, 218 A.3d 963 (Pa.Super. 2019), *appeal denied*, 658 Pa. 538, 229 A.3d 565 (2020). In other words, the petitioner "is required to show that but for the interference of a government actor he could not have filed his claim earlier." *Commonwealth v. Staton*, 646 Pa. 284, 293, 184 A.3d 949, 955 (2018)

(internal quotation marks omitted).

To meet the "newly discovered facts" timeliness exception set forth in Section 9545(b)(1)(ii), a petitioner must demonstrate that "he did not know the facts upon which he based his petition and could not have learned those facts earlier by the exercise of due diligence." ***Commonwealth v. Brown***, 111 A.3d 171, 176 (Pa.Super. 2015), *appeal denied*, 633 Pa. 761, 125 A.3d 1197 (2015). "The focus of the exception is on [the] newly discovered facts, not on a newly discovered or newly willing source for previously known facts." ***Commonwealth v. Burton***, 638 Pa. 687, 704, 158 A.3d 618, 629 (2017) (internal quotation marks omitted).

> Broad claims of mental illness do not satisfy a statutory exception to the PCRA time-bar. In ***Commonwealth v. Cruz***, 578 Pa. 325, 852 A.2d 287 (2004), our Supreme Court carved out a narrow exception to the general rule where a PCRA petitioner's mental incompetence prevented him from filing a timely PCRA petition. The appellant in ***Cruz*** shot and killed a number of victims before turning his handgun on himself and attempting to commit suicide. The appellant survived, but he sustained a severe brain injury that left him essentially lobotomized. The appellant entered a plea of *nolo contendere* to three counts of second-degree murder, and the court sentenced him to consecutive terms of life imprisonment for each offense. At the time of the plea, the parties informed the court that the appellant was pleading *nolo contendere* because he was unable to express emotions or discuss the facts of the case in any sensible way due to his brain injury. Almost six years later, the appellant filed a PCRA petition alleging his brain injury had rendered him incompetent and prevented him from participating in his own defense. The appellant further alleged that his brain injury had been slowly resolving in the months just before he filed his PCRA petition. The ***Cruz*** Court recognized that the PCRA does not include an exception for mental incapacity but held "in some circumstances, claims that

were defaulted due to the PCRA petitioner's mental incompetence may qualify under the statutory [newly-discovered fact] exception."

Thus, the general rule remains that mental illness or psychological condition, absent more, will not serve as an exception to the PCRA's jurisdictional time requirements. Consequently, Pennsylvania courts have continued to construe narrowly the limited holding in *Cruz*. *See, e.g., Commonwealth v. Ali*, 624 Pa. 309, 86 A.3d 173 (2014), *cert. denied*, 574 U.S. 1026, 135 S.Ct. 707, 190 L.Ed.2d 439 (2014) (holding petitioner did not meet newly-discovered fact exception concerning second PCRA petition because he failed to prove he was mentally incompetent during statutory period allowed; appellant showed temporal awareness in filing timely first PCRA petition and subsequent amendments after his judgment of sentence became final; that appellant was plainly able to ascertain factual predicates to claims raised in first PCRA petition but unable to ascertain facts necessary for issues raised in second PCRA petition is simply incongruous)[.]

*Commonwealth v Shaw*, 217 A.3d 265, 270-71 (Pa.Super. 2019) (some internal citations and quotation marks omitted).

Instantly, this Court affirmed Appellant's judgment of sentence on November 12, 2014. Appellant did not seek further review with our Supreme Court, and his judgment of sentence became final on December 12, 2014. *See* 42 Pa.C.S.A. § 9545(b)(3); Pa.R.A.P. 1113(a). Thus, Appellant had until December 12, 2015, to file a timely PCRA petition.

Appellant filed the current PCRA petition on September 13, 2021, which was untimely on its face. *See* 42 Pa.C.S.A. § 9545(b)(1). On appeal, Appellant continues to argue that the Commonwealth suppressed mental health and court records that were vital to his defense at trial. Appellant,

however, has failed to prove an exception to the PCRA's timeliness requirements. The PCRA court considered Appellant's arguments and noted:

> Here, [Appellant] asserts that new facts exist in two categories: (1) facts related to his mental health issues and the related treatment records and (2) records related to a 2005 dependency proceeding involving him and his children. To satisfy the first jurisdictional threshold, [Appellant] must establish that one or both of these facts were unknown to him at the time of trial.
>
> It is readily apparent that [Appellant] would have known the facts surrounding his own mental health and mental health treatment. As such those facts were known to him at the time of trial and cannot be said to be newly discovered. [Appellant] baldly argues, without supporting evidence, that the Commonwealth suppressed the existence of the records of his mental health diagnosis and treatment. This argument ignores the fact that [Appellant] knew of his diagnosis, knew of his treatment regimen, and knew his treatment providers. Given this knowledge, [Appellant] could have obtained his own records himself, or through counsel, without the need of the Commonwealth's assistance and in spite of any alleged effort to conceal the evidence. Indeed, one of the treatment providers mentioned, Doctor Jeanne Spencer ("Spencer"), testified at trial, and thus could have been questioned on these issues regardless of any alleged effort to conceal the records.
>
> *    *    *
>
> Similarly, [Appellant] was aware of the records relating to the 2005 dependency action at the time of trial, as the issue of the records came up the day before trial was to begin resulting in a delay to afford trial counsel … and the Commonwealth an opportunity to review the records. Further, [trial counsel] was offered the opportunity to continue the trial to a later date if he felt that a Cambria. County Children and Youth Service ("CCCYS") caseworker … should be called as a witness to address these issues.
>
> *    *    *

> [Appellant] does not explain why he could not discover these alleged new facts earlier given his presence and participation in both his mental health treatment and the trial and this failure is fatal. [Appellant] does not assert that he was unaware of his mental health issues and treatment or that he was unaware of the existence of the CCCYS records. Rather, he baldly asserts that the Commonwealth somehow concealed this evidence. Even if the Commonwealth had been involved in an effort to conceal this evidence, [Appellant] was aware of it and could have made these arguments in his direct appeal or a prior PCRA petition.

(PCRA Court Opinion, filed 12/13/21, at 5-8) (internal citations and footnote omitted). Our review of the record confirms the PCRA court's conclusion. We emphasize that the record demonstrates that Appellant's mental condition at the time of trial was not the equivalent of the "essentially lobotomized" petitioner in *Cruz*. *See Shaw, supra*. In fact, Appellant provided substantial and cogent testimony in his own defense at trial. (*See* N.T. Trial, 10/9/13, at 14-37). Moreover, after Appellant's judgment of sentence became final, he possessed enough temporal awareness to file a timely first PCRA petition. Absent more, there is no indication that Appellant defaulted on any collateral claims due to mental incompetence. *See Shaw, supra*.

Thus, the record supports the PCRA court's conclusion that Appellant did not exercise due diligence in ascertaining the asserted "newly discovered" facts surrounding the 2005 dependency action and his history of mental illness. *See Chimenti, supra*; *Brown, supra*. Accordingly, we affirm the order dismissing Appellant's current PCRA petition.

Order affirmed.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/28/2022