J-S01029-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| ZACHARY THOMAS SPADA | : | |
| | : | |
| Appellant | : | No. 1465 WDA 2021 |

Appeal from the PCRA Order Entered November 9, 2021,
in the Court of Common Pleas of Erie County,
Criminal Division at No(s): CP-25-CR-0002902-2018.

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| ZACHARY THOMAS SPADA | : | |
| | : | |
| Appellant | : | No. 1466 WDA 2021 |

Appeal from the PCRA Order Entered November 9, 2021,
in the Court of Common Pleas of Erie County,
Criminal Division at No(s): CP-25-CR-0002926-2018.

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| ZACHARY THOMAS SPADA | : | |
| | : | |
| Appellant | : | No. 1467 WDA 2021 |

Appeal from the PCRA Order Entered November 9, 2021,
in the Court of Common Pleas of Erie County,
Criminal Division at No(s): CP-25-CR-0002927-2018.

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ZACHARY THOMAS SPADA | : | |
| | : | |
| Appellant | : | No. 1468 WDA 2021 |

Appeal from the PCRA Order Entered November 9, 2021,
in the Court of Common Pleas of Erie County,
Criminal Division at No(s): CP-25-CR-0002928-2018.

BEFORE: BENDER, P.J.E., KUNSELMAN, J., and COLINS, J.[*]

MEMORANDUM BY KUNSELMAN, J.: **FILED: MARCH 31, 2023**

Zachary Thomas Spada appeals *pro se* from the order denying his untimely-filed petition pursuant to the Post Conviction Relief Act ("PCRA"). 42 Pa.C.S.A. §§ 9541-46. We affirm.

The pertinent facts and procedural history are as follows. On July 3, 2019, Spada entered negotiated guilty pleas at the above dockets to various crimes, including kidnapping and aggravated assault by a prisoner. On August 21, 2019, the trial court sentenced him to an aggregate term of two to five years of incarceration and a consecutive two-year probationary term. Spada did not file an appeal.

---

[*] Retired Senior Judge assigned to the Superior Court.

On April 23, 2020, Spada filed a *pro se* petition for transcripts and *in forma pauperis* status at each docket. On May 4, 2020, the trial court denied the petition. On May 11, 2020, he filed a *pro se* notice of appeal in which he challenged the court's denial of transcripts, but later withdrew it.

On June 3, 2020, Spada filed a *pro se* "Motion to Alter Sentencing Order Due to Economic Hardship," in which he requested "a deduction pause while incarcerated. Rule 907 Notice, 10/7/21, at 2. The trial court transferred this petition to the Commonwealth Court for disposition.[1] On July 27, 2020, Spada filed a "Motion to Amend/Reconsider Sentencing Order *Nunc Pro Tunc*." The trial court denied this motion on July 31, 2020.

On June 16, 2021, nearly two years after he was sentenced, Spada filed a *pro se* PCRA petition, in which he raised various claims of ineffective assistance based upon his mental health status. The PCRA court appointed counsel. On September 10, 2021, PCRA counsel filed a supplemental PCRA.

On October 7, 2021, the PCRA court issued Pa.R.Crim.P. 907 notice of its intent to dismiss Spada's PCRA petition without a hearing because it was untimely filed. Spada filed a *pro se* response. By order entered November 9, 2021, the PCRA court dismissed Spada's petition. On December 6, 2021, PCRA counsel filed a notice of appeal at each docket.

---

[1] Commonwealth Court dismissed the petition on September 16, 2020. **See Spada v. Pa. Dep't of Corr.**, 387 MD 2020.

The PCRA court summarized the subsequent procedural history as follows:

> On December 13, 2021, PCRA counsel wrote to the [PCRA court] requesting that a ***Grazier*** hearing be scheduled. On December 28, 2021, the court held a ***Grazier*** hearing during which [Spada] advised he wanted to waive the right to counsel. The court determined [Spada's] waiver of counsel was knowing, voluntary and intelligent, and permitted [Spada] to proceed *pro se*. The court directed [Spada] to file a [Pa.R.A.P.] 1925(b) statement of [errors] complained of on appeal in twenty-one days.
>
> On January 10, 2022. [Spada] filed a motion for extension of time to file a [1925(b)] statement, requesting a 30-day extension. The court granted the motion and directed [Spada] to file the 1925(b) statement by February 17, 2022. On February 2, 2022, [Spada] filed [a 1925(b) statement in which he] asserts error occurred in determining that the PCRA was untimely, and essentially reiterates the ineffective assistance of counsel claims pertaining to [his] mental health status. [Spada] attempts to invoke the "interference by a governmental official" exception to the one-year timeliness requirement by alleging ineffective assistance of counsel in not filing post-sentence motions and/or a direct appeal.

PCRA Court Opinion, 3/15/22, at 2 (excess capitalization omitted). In this opinion, the PCRA court states that its rationale for dismissing Spada's PCRA petition was set forth in its Rule 907 order and opinion.

Spada raises the following four issues on appeal:

> A. Can the denial of post-conviction relief stand where an indigent and mentally ill first-time PCRA petitioner's right to counsel was rendered virtually meaningless by the naming of an utterly incompetent court-appointed counsel who failed to even mention the timeliness issue in his so-called "Supplement" [to] an inarticulately drafted *pro se* PCRA "check-the-box" form petition that was untimely on its face?

- 4 -

      B. Does an indigent and mentally disabled first-time PCRA petitioner voluntarily waive his right to counsel by proceeding *pro se* under circumstances where it actually appears he has no choice?

      C. Should the [trial court] have treated a *pro se* filing as a timely filed PCRA petition because it was (1) filed after the judgment of sentence became final and (2) requested relief that was cognizable under the PCRA?

      D. Is the (1) denial of counsel at a competency evaluation; (2) the failure of counsel to present an independent examiner in regards to competency; and (3) failure to advise a defendant of a possible insanity defense, thereby inducing a guilty plea a structural error, *per se* prejudicial, and ineffective assistance of counsel requiring automatic reversal?

Spada's Brief at 5 (some formatting altered).

Using the applicable standard of review, we must determine whether the ruling of the PCRA court is supported by the record and is free of legal error. ***Commonwealth v. Blakeney***, 108 A.3d 739, 749-50 (Pa. 2014) (citations omitted). We apply a *de novo* standard of review to the PCRA court's legal conclusions. ***Id.***

Before addressing Spada's issues, we must first determine whether the PCRA court correctly concluded that his first PCRA petition was untimely filed, and that he failed to establish a time-bar exception. The timeliness of a post-conviction petition is jurisdictional. ***Commonwealth v. Hernandez***, 79 A.3d 649, 651 (Pa. Super. 2013). Generally, a petition for relief under the PCRA, including a second or subsequent petition, must be filed within one year of the date the judgment becomes final unless the petition alleges, and the petitioner proves, that an exception to the time for filing the petition is met.

The three narrow statutory exceptions to the one-year time bar are as follows: "(1) interference by government officials in the presentation of the claim; (2) newly discovered facts; and (3) an after-recognized constitutional right." *Commonwealth v. Brandon*, 51 A.3d 231, 233-34 (Pa. Super. 2012) (citing 42 Pa.C.S.A. § 9545(b)(1)(i-iii)).  In addition, exceptions to the PCRA's time bar must be pled in the petition and may not be raised for the first time on appeal.  *Commonwealth v. Burton*, 936 A.2d 521, 525 (Pa. Super. 2007); *see also* Pa.R.A.P. 302(a) (providing that issues not raised before the lower court are waived and cannot be raised for the first time on appeal).  Moreover, a PCRA petitioner must file his petition "within one year of date the claim could have been presented."  42 Pa.C.S.A. § 9545(b)(2).

Finally, if a PCRA petition is untimely and the petitioner has not pled and proven an exception "neither this Court nor the [PCRA] court has jurisdiction over the petition.  Without jurisdiction, we simply do not have the legal authority to address the substantive claims." *Commonwealth v. Derrickson*, 923 A.2d 466, 468 (Pa. Super. 2007) (citation omitted).

Here, Spada's judgment of sentence became final on September 20, 2019, thirty days after he failed to file a direct appeal to this Court. *See* 42 Pa.C.S.A. § 9545(b)(3).  Therefore, Spada had until September 20, 2020, to file a timely petition.  Because Spada filed his first petition on June 6, 2021, it is untimely unless he has satisfied his burden of pleading and proving that one of the enumerated exceptions applies. *See Hernandez*, *supra*.

Spada has failed to plead and prove any exception to the PCRA's time bar. In his *pro se* petition, Spada conceded that his petition was untimely, but he could not file it sooner due to the "severity" of his mental health symptoms. PCRA Petition, 6/16/21, at 3. Prior to his guilty plea, after an evaluation requested by trial counsel, Spada was deemed competent to stand trial. As we have long recognized, "[b]road claims of mental illness do not satisfy a statutory exception to the PCRA's time-bar." **Commonwealth v. Shaw**, 217 A.3d 265, 270 (Pa. Super. 2019) (citations omitted).

In his response to the PCRA court's Rule 907 notice, Spada asserted that his petition was timely because it "falls squarely" within the governmental interference exception, Section 9545(b)(1)(i). He bases this claim on the ineffective assistance of defense counsel. However, defense counsel is expressly excluded from this exception. **See** 42 Pa.C.S.A. § 9545(b)(4) (providing, "for the purposes of this subchapter 'government officials' shall not include defense counsel, whether appointed or retained.") Moreover, to the extent Spada reiterates his claims of ineffective assistance, we note that such allegations cannot establish an exception to the PCRA's time bar. **See**, **e.g.**, **Commonwealth v. Edmiston**, 65 A.3d 339, 349 (Pa. 2013) (explaining that allegations of ineffectiveness of counsel will not overcome the jurisdictional timeliness requirements of the PCRA).

Given the foregoing, the PCRA court correctly determined that it lacked jurisdiction to consider the merits of Spada's first PCRA petition. ***Derrickson***, ***supra***.[2] We therefore affirm its order denying post-conviction relief.

Order affirmed.

Judgment Entered.

_Joseph D. Seletyn_
Joseph D. Seletyn, Esq.
Prothonotary


Date: 3/31/2023

_____

[2] Although we likewise lack jurisdiction to consider the merits of Spada's issues, we briefly address two of them. First, we reject Spada's claim that his July 27, 2020, filing—in which he sought to increase the length of his incarceration—should have been treated as a PCRA petition. Second, even if PCRA counsel was ineffective for failing to the address the timeliness of the PCRA petition, Spada is not entitled to relief; Spada has not been prejudiced because he is unable to plead or prove a time-bar exception. Counsel cannot be deemed ineffective for failing to pursue a meritless claim. ***Commonwealth v. Loner***, 836 A.2d 125, 132 (Pa. Super. 2003) (*en banc*), *appeal denied*, 852 A.2d 311 (Pa. 2004).