J-A15029-19

2019 PA Super 245

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| PIEATTRO SHAW | : | |
| | : | |
| Appellant | : | No. 605 EDA 2018 |

Appeal from the PCRA Order January 22, 2018
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CR-51-CR-0807931-2005

BEFORE: BENDER, P.J.E., GANTMAN, P.J.E., and COLINS*, J.

OPINION BY GANTMAN, P.J.E.: **FILED AUGUST 16, 2019**

Appellant, Pieattro Shaw, appeals from the order entered in the Philadelphia County Court of Common Pleas, which dismissed as untimely his first petition filed under the Post Conviction Relief Act ("PCRA").[1] We affirm.

This Court has previously set forth the relevant facts of this case as follows:

> On July 13, 2004, [Appellant] entered the home of Darlene Peck ["Ms. Peck"] at 5121 Locust Street in Philadelphia without permission. The record in the trial court established that [Appellant] held Ms. Peck down and tried to kiss her and then fled the scene. [Appellant] and Ms. Peck were involved romantically two years prior to this altercation. Several weeks leading up to this incident, [Appellant] saw Ms. Peck in public. She was eight months pregnant at the time, which upset him.
>
> The next day, on July 14, 2004, [Appellant] again entered Ms. Peck's residence without permission. [Victim], Ms.

---

[1] 42 Pa.C.S.A. §§ 9541-9546.

---

* Retired Senior Judge assigned to the Superior Court.

Peck's live-in boyfriend and father of her then two-week old child, told [Appellant] to leave. As [Victim] escorted [Appellant] out of the house, [Appellant] withdrew a .380 caliber handgun and fired once striking [Victim] in the head. [Victim] lost consciousness.

Police were summoned to the scene and Ms. Peck gave them a description of [Appellant's] car. A car matching Ms. Peck's description was located heading back toward the residence. Police ordered [Appellant] to pull over and he was apprehended. They recovered a .380 caliber handgun from [Appellant's] waistband. One spent cartridge casing and two live rounds of .380 caliber ammunition were recovered at the scene.

[Victim] never regained consciousness and died several days later on July 17, 2004. The coroner determined the cause of death was the gunshot wound to the right parietal lobe from a .380 caliber bullet recovered during the autopsy.

*Commonwealth v. Shaw*, 2470 EDA 2006, at 2-3 (Pa.Super. filed April 7, 2008) (unpublished memorandum).

The Commonwealth charged Appellant with murder generally, burglary, firearms not to be carried without a license, and related offenses. Appellant proceeded to a bench trial on June 13, 2006. Appellant underwent a psychiatric evaluation prior to trial and was deemed competent to stand trial. At trial, Appellant presented expert testimony to support his claim that he lacked the requisite intent to commit first-degree murder due to his history of mental illness. The Commonwealth presented its own expert to rebut Appellant's claim. On June 15, 2006, the court convicted Appellant of third-degree murder, burglary, firearms not to be carried without a license, and possessing instruments of crime. The court sentenced Appellant that day to

an aggregate term of 36 to 72 years' imprisonment. This Court affirmed the judgment of sentence on April 7, 2008, and our Supreme Court denied allowance of appeal on July 30, 2008. **Commonwealth v. Shaw**, 953 A.2d 839 (Pa.Super. 2008), *appeal denied*, 598 Pa. 766, 956 A.2d 434 (2008).

On May 16, 2015, Appellant filed *pro se* a first PCRA petition. Appellant subsequently filed *pro se* two supplemental PCRA petitions. The court appointed counsel, who filed a petition to withdraw and a **Turner**/**Finley**[2] "no-merit" letter on December 22, 2016. On April 27, 2017, the court issued notice of its intent to dismiss the petition without a hearing per Pa.R.Crim.P. 907. At a hearing before the court on June 1, 2017, when the court was prepared to dismiss the petition formally, Appellant's brother appeared on Appellant's behalf and asked the court for an extension of time for Appellant to file a response to counsel's **Turner**/**Finley** "no-merit letter." Appellant's brother also asked the court to appoint new PCRA counsel for Appellant, alleging that Appellant cannot read or write. Appellant's brother suggested that others had helped Appellant draft his earlier *pro se* filings. The court granted the request, let original PCRA counsel withdraw, and appointed new PCRA counsel to review all filings including original PCRA counsel's **Turner**/**Finley** letter.

On June 25, 2017, second PCRA counsel filed a petition to withdraw and

---

[2] **Commonwealth v. Turner**, 518 Pa. 491, 544 A.2d 927 (1988) and **Commonwealth v. Finley**, 550 A.2d 213 (Pa.Super. 1988) (*en banc*).

a **Turner**/**Finley** "no-merit" letter. Appellant responded *pro se* on August 15, 2017. The court issued Rule 907 notice for a second time on December 4, 2017, and formally dismissed the petition as untimely on January 22, 2018, and let second PCRA counsel withdraw. Appellant timely filed a *pro se* notice of appeal on February 20, 2018. On March 8, 2018, the court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Appellant's brother subsequently filed a Rule 1925(b) statement on Appellant's behalf, which the court rejected. On June 8, 2018, the court appointed appellate counsel[3] and issued a new Rule 1925(b) order. Following the grant of an extension of time, Appellant timely filed a counseled Rule 1925(b) statement on July 30, 2018.

Appellant raises the following issue for our review:

DID THE PCRA COURT ERR AND/OR ABUSE ITS DISCRETION WHEN IT DENIED [APPELLANT'S] PETITION UNDER THE PCRA WITHOUT A HEARING WITH RESPECT TO WHETHER [APPELLANT'S] ALLEGED MENTAL INCOMPETENCE DURING WHICH THE STATUTORY PERIOD

_____

[3] Generally, once the court permits PCRA counsel to withdraw after filing a **Turner**/**Finely** "no-merit" letter, an appellant is no longer entitled to the appointment of counsel on appeal. **See Commonwealth v. Rykard**, 55 A.3d 1177 (Pa.Super. 2012), *appeal denied*, 619 Pa. 714, 64 A.3d 631 (2013) (explaining that when counsel has been appointed to represent PCRA petitioner and that right has been fully vindicated following grant of counsel's petition to withdraw under **Turner**/**Finley**, court shall not appoint new counsel and appellant must look to his own resources for future proceedings). Here, the PCRA court appointed appellate counsel based on Appellant's allegations of mental illness and illiteracy. We see no error with the court's appointment of appellate counsel under these circumstances. **See** Pa.R.Crim.P. 904(E) (stating court shall appoint counsel to represent defendant whenever interests of justice require it).

- 4 -

FOR FILING A PCRA PETITION EXPIRED MAY TRIGGER THE "NEWLY DISCOVERED FACT" EXCEPTION TO THE PCRA TIME-BAR WHERE THE ***TURNER/FINLEY*** LETTERS FILED IN THE PCRA COURT BY PRIOR COUNSEL DID NOT PRESENT SUFFICIENT ANALYSIS WITH RESPECT TO THIS CLAIM OF AN EXCEPTION TO THE PCRA'S TIME BAR?

(Appellant's Brief at 5) (internal footnotes omitted).

Our standard of review of the denial of a PCRA petition is limited to examining whether the record evidence supports the court's determination and whether the court's decision is free of legal error. **Commonwealth v. Ford**, 947 A.2d 1251 (Pa.Super. 2008), *appeal denied*, 598 Pa. 779, 959 A.2d 319 (2008). This Court grants great deference to the findings of the PCRA court if the record contains any support for those findings. **Commonwealth v. Boyd**, 923 A.2d 513 (Pa.Super. 2007), *appeal denied*, 593 Pa. 754, 932 A.2d 74 (2007). Further, a petitioner is not entitled to a PCRA hearing as a matter of right; the PCRA court can decline to hold a hearing if there is no genuine issue concerning any material fact, the petitioner is not entitled to PCRA relief, and no purpose would be served by any further proceedings. **Commonwealth v. Wah**, 42 A.3d 335 (Pa.Super. 2012).

Appellant argues he was mentally incapacitated throughout the period when he could have filed a timely PCRA petition. Appellant asserts he presented expert testimony at trial demonstrating his well-documented mental defect. Appellant highlights his expert's trial testimony that Appellant could not have formed specific intent to kill due to Appellant's various mental deficiencies. Appellant claims he has an I.Q. of 64 and operates at an

elementary school level. Appellant maintains his mental disorders affected his capacity to initiate and participate in collateral proceedings. Appellant contends he suffers from a diagnosed psychotic disorder and paranoia. Appellant emphasizes he was involuntarily committed to Norristown State Hospital prior to trial in this case. Appellant submits his documented mental disorders, coupled with his inability to read, write, or preform basic math, show he was incompetent during the mandatory time limits for filing a PCRA petition. Appellant concludes his substantial mental health issues constitute more than mere mental illness or a psychological condition, and this Court must vacate and remand for an evidentiary hearing so Appellant can establish that he remained incompetent throughout the time when he should have filed a timely PCRA petition and filed his petition as soon as he became sufficiently competent to proceed. We disagree.

The timeliness of a PCRA petition is a jurisdictional requisite. *Commonwealth v. Robinson*, 12 A.3d 477 (Pa.Super. 2011). A PCRA petition, including a second or subsequent petition, must be filed within one year of the date the underlying judgment becomes final. 42 Pa.C.S.A. § 9545(b)(1). A judgment is deemed final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3).

The three statutory exceptions to the timeliness provisions in the PCRA

allow for very limited circumstances under which the late filing of a petition will be excused. 42 Pa.C.S.A. § 9545(b)(1). To invoke an exception, a petition must allege and the petitioner must prove:

> (i) the failure to raise a claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). In addition, a petitioner asserting a timeliness exception must file a petition within 60 days of when the claim could first have been presented.[4] 42 Pa.C.S.A. § 9545(b)(1-2). The PCRA's "time limitations are mandatory and interpreted literally; thus, a court has no authority to extend filing periods except as the statute permits." ***Commonwealth v. Fahy***, 558 Pa. 313, 329, 737 A.2d 214, 222 (1999)

_____

[4] As of December 24, 2018, Section 9545(b)(2) now allows that any PCRA petition invoking a timeliness exception must be filed within **one year** of the date the claim first could have been presented. ***See*** Act 2018, Oct. 24, P.L. 894, No. 146, § 2, effective in 60 days [Dec. 24, 2018]. This amendment applies to claims arising on or after December 24, 2017. Because Appellant filed the current PCRA petition on May 16, 2015, the amendment does not apply here.

(holding period for filing PCRA is not subject to doctrine of equitable tolling, except to extent doctrine is embraced by statutory exceptions to time-bar).

The timeliness exception set forth in Section 9545(b)(1)(ii), also known as the "newly-discovered fact" exception, requires a petitioner to plead and prove: (1) he did not know the fact(s) upon which he based his petition; and (2) he could not have learned those fact(s) earlier by the exercise of due diligence. *Commonwealth v. Bennett*, 593 Pa. 382, 393, 930 A.2d 1264, 1270 (2007). Due diligence demands the petitioner to take reasonable steps to protect his own interests. *Commonwealth v. Carr*, 768 A.2d 1164 (Pa.Super. 2001). A petitioner must explain why he could not have learned the new fact earlier with the exercise of due diligence. *Commonwealth v. Breakiron*, 566 Pa. 323, 781 A.2d 94 (2001). This rule is strictly enforced. *Commonwealth v. Monaco*, 996 A.2d 1076 (Pa.Super. 2010), *appeal denied*, 610 Pa. 607, 20 A.3d 1210 (2011).

Broad claims of mental illness do not satisfy a statutory exception to the PCRA time-bar. *Commonwealth v. Hoffman*, 780 A.2d 700, 701 (Pa.Super. 2001). In *Commonwealth v. Cruz*, 578 Pa. 325, 852 A.2d 287 (2004), our Supreme Court carved out a narrow exception to the general rule where a PCRA petitioner's mental incompetence prevented him from filing a timely PCRA petition. The appellant in *Cruz* shot and killed a number of victims before turning his handgun on himself and attempting to commit suicide. The appellant survived, but he sustained a severe brain injury that left him

essentially lobotomized. The appellant entered a plea of *nolo contendere* to three counts of second-degree murder, and the court sentenced him to consecutive terms of life imprisonment for each offense. At the time of the plea, the parties informed the court that the appellant was pleading *nolo contendere* because he was unable to express emotions or discuss the facts of the case in any sensible way due to his brain injury. Almost six years later, the appellant filed a PCRA petition alleging his brain injury had rendered him incompetent and prevented him from participating in his own defense. The appellant further alleged that his brain injury had been slowly resolving in the months just before he filed his PCRA petition. The **Cruz** Court recognized that the PCRA does not include an exception for mental incapacity but held "in some circumstances, claims that were defaulted due to the PCRA petitioner's mental incompetence **may** qualify under the statutory [newly-discovered fact] exception." **Id.** at 336, 852 A.2d at 293 (emphasis added).

"Thus, the general rule remains that mental illness or psychological condition, absent more, will not serve as an exception to the PCRA's jurisdictional time requirements." **Monaco, supra** at 1081. Consequently, Pennsylvania courts have continued to construe narrowly the limited holding in **Cruz**. **See, e.g., Commonwealth v. Ali**, 624 Pa. 309, 86 A.3d 173 (2014), *cert. denied*, ____ U.S. ____, 135 S.Ct. 707, 190 L.Ed.2d 439 (2014) (holding petitioner did not meet newly-discovered fact exception concerning second PCRA petition because he failed to prove he was mentally incompetent during

statutory period allowed; appellant showed temporal awareness in filing timely first PCRA petition and subsequent amendments after his judgment of sentence became final; that appellant was plainly able to ascertain factual predicates to claims raised in first PCRA petition but unable to ascertain facts necessary for issues raised in second PCRA petition is simply incongruous); ***Monaco, supra*** (holding appellant did not satisfy newly-discovered fact exception where he failed to exercise due diligence in ascertaining diagnosis of post-traumatic stress disorder ("PTSD"); additionally, appellant did not allege his PTSD impaired his ability to raise claim in timely manner; thus, appellant's PTSD diagnosis did not fall within narrow ***Cruz*** holding); ***Commonwealth v. Liebensperger***, 904 A.2d 40 (Pa.Super. 2006) (holding appellant's assertion of chronic mental illness did not satisfy newly-discovered fact exception; appellant's inability to offer evidence pointing to moment when he passed from incompetence to competence distinguished his case from ***Cruz***; further, appellant made no assertions, and nothing in record indicates, that appellant's condition was one that improved or changed and restored him to degree of competence required to file PCRA petition); ***Commonwealth v. Pagan***, 864 A.2d 1231 (Pa.Super. 2004), *cert. denied*, 546 U.S. 909, 126 S.Ct. 264, 163 L.Ed.2d 237 (2005) (holding appellant was ineligible for PCRA relief where he was no longer serving sentence; in any event, appellant could not meet newly-discovered fact exception, where expert decided appellant was competent four years before appellant filed current PCRA petition).

Instantly, Appellant's judgment of sentence became final on October 28, 2008, upon expiration of the time for filing a petition for writ of *certiorari* with the United States Supreme Court. **See** U.S.Sup.Ct.R.13 (providing ninety days to timely file petition for writ of *certiorari*). Appellant filed the current PCRA petition on May 16, 2015, which was patently untimely. **See** 42 Pa.C.S.A. § 9545(b)(1). Appellant attempted to invoke the "newly-discovered fact" exception at Section 9545(b)(1)(ii), alleging his history of mental illness paired with his learning difficulties rendered him incompetent to participate in collateral proceedings during the statutory period prescribed in the PCRA.

The PCRA court addressed Appellant's claim as follows:

> The instant claim is clearly distinguishable from **Cruz**. In **Cruz**, the appellant presented evidence that he was "lobotomized." Here, [Appellant] claims that because he had a history of mental illness and a learning disability, he was unable to file a timely PCRA petition. Having a history of mental illness or a learning disability does not rise to the same level of unique circumstances found in **Cruz**.
>
> Further, [Appellant] fails to demonstrate that he exercised due diligence in learning the purported "newly-discovered fact" and could not have discovered the information regarding his alleged mental incompetence sooner. [Appellant] also fails to plead or prove when he allegedly became competent and how his alleged mental incompetence prevented him from filing a timely PCRA petition.
>
> Finally, [Appellant's] mental health issue is not newly-discovered, but was well known. At trial, there was extensive expert testimony on [Appellant's] mental health, medications, diagnosis, and rehabilitative needs. There was additional testimony about his mental health at [Appellant's] sentencing, where the trial court found he had "some type of substantive mental defect" which was "well-

- 11 -

documented."

> Because [Appellant's] alleged mental health issue does not rise to a level of unique circumstances—as in **Commonwealth v. Cruz**—and because [Appellant] cannot demonstrate that he could not have learned of this issue sooner, [Appellant] does not meet the "newly-discovered facts" exception to the PCRA time bar. As such, his PCRA petition was properly dismissed as untimely without a hearing.

(PCRA Court Opinion, filed September 5, 2018, at 6-7) (internal citations omitted). The record supports the court's analysis. **See Wah, supra**; **Ford, supra**; **Boyd, supra**. The record in this case confirms Appellant's mental issues and difficulties were fully explored and considered at trial and at sentencing; and Appellant was deemed competent for trial in 2006, as well as sentencing and direct review. Thus, the very existence of Appellant's mental challenges did not qualify as a "new fact" for purposes of satisfying that time-bar exception. **See Bennett, supra**; **Pagan, supra**. Appellant knew then what he now claims is a "new fact." **See id.**; **Monaco, supra**; **Carr, supra**.

Further, Appellant did not explain how his mental limitations later increased or if he regressed or when he recovered. In other words, Appellant simply failed to assert, and nothing in this record indicates, how his mental condition changed over the years, for worse or for better since his trial, sentencing, and direct appeal, in a manner that would excuse the delay in filing his current petition for collateral relief. **See Liebensperger, supra**. **Compare Cruz, supra**. Therefore, Appellant could not satisfy the "newly-discovered fact" exception described in **Cruz**, and the PCRA court properly

dismissed Appellant's petition as time-barred.  Accordingly, we affirm.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>8/16/19</u>