J-S03039-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| CHARLES ALLEN FULLER, SR. | : | |
| | : | |
| Appellant | : | No. 1313 WDA 2019 |

Appeal from the PCRA Order Entered August 15, 2019
In the Court of Common Pleas of Fayette County Criminal Division at
No(s): CP-26-CR-0002478-2016

BEFORE: McLAUGHLIN, J., McCAFFERY, J., and PELLEGRINI, J.[*]

MEMORANDUM BY PELLEGRINI, J.:               **FILED FEBRUARY 24, 2020**

Charles Allen Fuller, Sr. (Fuller) appeals from the order of the Court of Common Pleas of Fayette County (PCRA court) denying his petition for relief filed pursuant to the Post-Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546. We reverse the PCRA court's order and vacate the underlying convictions and judgment of sentence for failure to comply with the Sexual Offender Registration and Notification Act ("SORNA"), 42 Pa.C.S. § 9799.10-9799.41.

**I.**

On September 12, 2002, Fuller was convicted by a jury of aggravated indecent assault of a minor under 16 years old. **See** 18 Pa.C.S. § 3125(a)(8).

_____

[*] Retired Senior Judge assigned to the Superior Court.

On December 16, 2002, the trial court sentenced him to serve 40 to 90 months' imprisonment. At the time that he was sentenced, Fuller was subject to lifetime reporting requirements as a sexual offender under Megan's Law II. *See* 42 Pa.C.S. § 9795.1 (expired). He was eventually released in 2009 and registered with the Pennsylvania State Police (PSP) as a sexual offender.

In February 2016, PSP charged Fuller with three counts of failure to comply with registration of sexual offender requirements.[1] PSP alleged that Fuller: (1) failed to register an address after being released from Westmoreland County Jail in December 2015; (2) failed to appear for a required quarterly in-person verification by January 7, 2016; and (3) failed to register the address of a Fayette County home that he resided in from January to February 2016. Fuller eventually proceeded to a jury trial and was convicted on the first two counts. The trial court sentenced him to 6 to 12 years' imprisonment on the first count and no further penalty on the second.[2]

---

[1] In its criminal information, the Commonwealth charged Fuller under the former version of failure to comply with sexual offender requirements, 18 Pa.C.S. § 4915, which had expired in December 2012. The Commonwealth later amended its information to the current version, alleging that Fuller was subject to registration under SORNA and had failed to "verify his address or be photographed as required under 42 Pa.C.S. § 9799.15, 9799.19 or 9799.25[.]" 18 Pa.C.S. § 4915.1(a)(2).

[2] The trial court further ordered that its sentence would run consecutive to an aggregate sentence of one to two years' imprisonment that Fuller was serving on two other Fayette County cases in which he pleaded guilty to failure to comply with registration of sexual offender requirements.

On direct appeal, Fuller challenged the sufficiency of the evidence for his convictions. On May 30, 2018, this Court affirmed the judgment of sentence. *See Commonwealth v. Fuller*, 1305 WDA 2017 (Pa. Super. 2018) (unpublished memorandum). Because he did not seek discretionary appeal in our Supreme Court, his judgment of sentence became final on June 29, 2018. *See* 42 Pa.C.S. § 9545(b)(3) ("[A] judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review.").

Fuller filed a *pro se* PCRA petition on August 8, 2018, alleging, among other things, that his conviction and sentence for failure to register were unconstitutional based on our Supreme Court's holding in *Commonwealth v. Muniz*, 164 A.3d 1189 (Pa. 2017). The PCRA court appointed counsel who filed an amended PCRA petition reasserting Fuller's claim that his convictions were unconstitutional under *Muniz*.[3] After holding an evidentiary hearing, the PCRA court denied the petition on August 15, 2019, following which Fuller

---

[3] PCRA counsel also raised a claim of ineffective assistance of counsel for appellate counsel's failure to file a petition for allowance of appeal after this Court affirmed the judgment of sentence on direct appeal.

filed a timely notice of appeal to challenge the PCRA court's denial of his petition.[4]

## II.

On appeal, Fuller contends that he is entitled to PCRA relief because his convictions were based on the retroactive application of increased reporting requirements under SORNA. Under *Muniz*, he notes, our Supreme Court held that retroactive application of SORNA's registration requirements violates the *ex post facto* clauses of the United States and Pennsylvania Constitutions. Fuller further notes that this Court has held that our Supreme Court's decision in *Muniz* created a substantive rule that retroactively applies in the collateral context. *See Commonwealth v. Rivera-Figueroa*, 174 A.3d 674 (Pa. Super. 2017). Based on this, Fuller contends that the PCRA court erred in denying him relief. We agree.[5]

A PCRA petitioner is eligible for relief if his conviction resulted from a constitutional violation. *See* 42 Pa.C.S. § 9543(a)(2)(i). In *Muniz*, our Supreme Court determined that SORNA, despite the General Assembly's stated civil remedial purpose, was punitive in nature and, therefore,

---

[4] "Our standard of review of the denial of a PCRA petition is limited to examining whether the record evidence supports the court's determination and whether the court's decision is free of legal error." *Commonwealth v. Shaw*, 217 A.3d 265, 269 (Pa. Super. 2019) (citation omitted).

[5] The Commonwealth has not filed a responsive brief in this appeal.

unconstitutional where it was retroactively applied to sex offenders who committed their crimes before its effective date in December 2012. **See Muniz**, 164 A.3d at 1223. Additionally, as Fuller points out, our Supreme Court's decision in **Muniz** announced a substantive rule that "should be applied retroactively applied in state collateral courts to comply with the United States and Pennsylvania Constitutions." **Rivera-Figueroa**, 174 A.3d at 678.

After **Muniz**, this Court reversed a conviction for failure to comply with SORNA in **Commonwealth v. Wood**, 208 A.3d 131 (Pa. Super. 2019) (*en banc*). In **Wood**, the defendant pleaded guilty to statutory sexual assault, an offense that he committed just a few months before SORNA became effective in December 2012. In June 2017, a month before **Muniz** was decided, the defendant pleaded guilty to one count of failure to comply with SORNA. After **Muniz** was decided, the defendant timely appealed and argued that retroactive application of SORNA's registration requirements to him was unconstitutional because his underlying sexual offense was committed before SORNA's effective date. This Court agreed and held that retroactive application of SORNA's registration and reporting requirements to the defendant violated his *ex post facto* rights. **Id**. at 138. This Court then went on to reverse the defendant's conviction under 18 Pa.C.S. § 4915.1 because it was "based on his violation of retroactively applied registration requirements

under SORNA, and because such retroactive application of SORNA is unconstitutional under *Muniz*[.]" *Id*. at 140.

Like the defendant in *Wood*, Fuller's underlying conviction was for a crime that was committed well before the effective date of SORNA in December 2012.[6] Despite this being the case, Fuller's convictions under 18 Pa.C.S. § 4915.1(a)(2) stemmed from his failure to comply with SORNA's increased reporting requirements, which included increasing his periodic in-person verification to four times a year based on his being classified as a Tier III offender under SORNA. *See* 42 Pa.C.S. § 9799.15(e)(3). However, "application of SORNA to sex offenders for offenses committed before its effective date violates the *ex post facto* clauses of the United States and Pennsylvania Constitutions." *Commonwealth v. Lippincot*, 208 A.3d 143, 150 (Pa. Super. 2019) (*en banc*). Fuller's convictions for failure to comply with SORNA's registration requirements must, therefore, be vacated. As a result, we reverse the order of the PCRA court denying relief and vacate the

---

[6] At trial, the Commonwealth admitted Fuller's Megan's Law packet that included his criminal history report. According to that report, Fuller committed the underlying offense of aggravated indecent assault in January 1996. The first version of Megan's Law became effective later in 1996 and required defendants convicted of aggravated indecent assault to register for ten years. *See* former 42 Pa.C.S. § 9793(b) (effective April 1996 to July 2000). Megan's Law II became effective in 2000 and increased the registration period for aggravated indecent assault from ten years to lifetime. *See* 42 Pa.C.S. § 9795.1(b)(2) (effective July 2000).

underlying convictions and judgment of sentence for failure to comply with

SORNA.[7]

Order reversed; conviction and judgment of sentence vacated.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/24/2020

---

[7] Because of our decision, we need not address Fuller's second issue arguing that appellate counsel was ineffective for not filing a petition or allowance of appeal on direct appeal.