J-S17014-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JOSE LEBRON | : | |
| | : | |
| Appellant | : | No. 1231 EDA 2023 |

Appeal from the PCRA Order Entered April 12, 2023
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0004105-2018,
CP-51-CR-0004106-2018

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JOSE LEBRON | : | |
| | : | |
| Appellant | : | No. 1232 EDA 2023 |

Appeal from the PCRA Order Entered April 12, 2023
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0004105-2018,
CP-51-CR-0004106-2018

BEFORE:  BOWES, J., KING, J., and BENDER, P.J.E.

MEMORANDUM BY BOWES, J.:                    **FILED JUNE 7, 2024**

Jose Lebron appeals from the orders dismissing as untimely his petitions for relief pursuant to the Post Conviction Relief Act ("PCRA").  We affirm.

On July 19, 2017, Appellant shot his wife in the back, with the bullet exiting through her mouth.  While the victim survived, her treatment required removing a large portion of her skull, and she remains paralyzed on one side

of her body and cannot speak. Immediately after shooting her, Appellant walked outside with a firearm, informing neighbors what he had done. Shortly thereafter, several police officers arrived. Appellant ignored repeated commands to drop his firearm and pointed the gun at one of the officers. As he racked the firearm, seven officers opened fire, striking Appellant five times. Although Appellant was charged in relation to these events, he was hospitalized for several months, and his preliminary hearing was delayed due to a court-appointed psychiatrist deeming him incompetent. Appellant was later found competent, and the case proceeded.

Appellant entered an open guilty plea in both cases on February 6, 2019. At docket 4105-2018, which corresponded to the crimes against his wife, Appellant pled guilty to, *inter alia*, attempted murder. At docket 4106-2018, which related to his crimes against the police, he pled guilty to aggravated assault and other related crimes. At Appellant's request, on July 23, 2019, the trial court postponed sentencing and ordered a new mental health evaluation; the expert opined that Appellant was incompetent to proceed. On September 13, 2019, Appellant was reexamined and deemed competent. The trial court sentenced Appellant on October 8, 2019, to an aggregate period of seventeen and one-half to thirty-five years of incarceration. Appellant filed a post-sentence motion seeking reconsideration of his sentence, which was denied on October 29, 2019. He did not file an appeal and his judgment of sentence became final thirty days later. **See** Pa.R.A.P. 903(a) ("Except as otherwise prescribed . . . the notice of appeal . . . shall be filed within [thirty]

- 2 -

days after the entry of the order from which the appeal is taken"); 42 Pa.C.S. § 9545(b)(3) (stating that "a judgment becomes final at the conclusion of direct review . . . or at the expiration of time for seeking the review").

Appellant filed a *pro se* PCRA petition at each docket on April 6, 2022, more than two years after his judgment of sentence became final. ***See*** 42 Pa.C.S. § 9545(b)(1) ("Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final[.]"). Appellant invoked the newly-discovered fact exception to the time-bar, which requires proof that "the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence[.]" 42 Pa.C.S. § 9545(b)(1)(ii). Appellant stated, "I now know / understand that I heard voices at the time of my offense. I blacked out. I didn't know it was [an] open plea." *Pro se* Petition, 4/6/22, at 3. Appellant further wrote that he "did not know that I shot my girl. I blacked out . . . . I thought I shot through the floor." ***Id***. at 4.

Appointed counsel filed amended PCRA petitions, citing our Supreme Court's decision in ***Commonwealth v. Cruz***, 852 A.2d 287, 288 (Pa. 2004), which held that "mental incompetence at the relevant times, if proven, **may** satisfy the requirements of [§] 9545(b)(1)(ii), in which case, the claims defaulted by operation of that incompetence may be entertained." The PCRA court issued a Pa.R.Crim.P. 907 notice of its intent to dismiss the petitions without a hearing, alerting Appellant of his failure to plead and prove the

exception. Namely, the PCRA court opined that Appellant's period of incompetence was known to the parties and that he was deemed competent as of his sentencing. "[N]o evidence has been presented to show a change in . . . competency, since being sentenced, which would have prevented him from filing a timely petition." Notice of Intent to Dismiss, 3/8/23, at 4 ¶ 16.

Appellant did not reply and the PCRA court thereafter entered an order dismissing each petition on April 12, 2023. Appellant filed timely notices of appeal and complied with the court's order to file concise statements pursuant to Pa.R.A.P. 1925(b).[1] Appellant presents the following issues for our review:

1. Whether the PCRA court erred by dismissing the PCRA petition as untimely despite clear and convincing evidence that [A]ppellant was mentally incompetent during the proscribed time period to file for relief.

2. Whether the PCRA court erred by dismissing the PCRA petition despite clear and convincing evidence of trial counsel's ineffective assistance by advising [A]ppellant to enter an open guilty plea instead of entering a plea of guilty but mentally ill, and failing to file notice of direct appeal.

3. Whether the PCRA court erred by dismissing the PCRA petition despite clear and convincing evidence that the guilty pleas were unlawfully induced based on their unknowing and involuntary nature, as well as counsel's ineffectiveness.

4. Whether the PCRA court erred by dismissing the PCRA petition despite clear and convincing evidence of multiple constitutional violations, including the Sixth Amendment right to effective representation at trial and on appeal.

5. Whether the PCRA court erred by dismissing the petition without an evidentiary hearing.

_____

[1] We *sua sponte* consolidated the appeals.

Appellant's brief at 9.

This Court addresses the dismissal of a PCRA petition pursuant to the following standards: "In general, we review an order dismissing or denying a PCRA petition as to whether the findings of the PCRA court are supported by the record and are free from legal error." *Commonwealth v. Howard*, 285 A.3d 652, 657 (Pa.Super. 2022) (cleaned up). As to pure legal questions, "we apply a *de novo* standard of review[.]" *Id*. (citation omitted).

The key legal question in this case is whether the PCRA court correctly ruled that the petition was untimely and Appellant failed to sufficiently plead a newly-discovered fact for purposes of the § 9545(b)(1)(ii) exception to the time-bar. The timeliness of a PCRA petition is "jurisdictional in nature and must be strictly construed; courts may not address the merits of the issues raised in a petition if it is not timely filed." *Commonwealth v. Towles*, 300 A.3d 400, 415 (Pa. 2023) (cleaned up). In *Cruz*, 852 A.2d at 288, our Supreme Court recognized that claims of incompetence present unique challenges as such an individual may not be able to identify or ascertain the facts upon which PCRA claims could be pursued within the statutory time limit. Appellant submits that, just as in *Cruz*, he should be given the opportunity to establish that he was mentally unable to proceed during the statutory one-year period.

We agree with the PCRA court's conclusion that Appellant failed to adequately plead and prove that the exception applied. In *Cruz*, the defendant entered a *nolo contendere* plea to avoid the death penalty.

However, Cruz had shot himself in the head shortly before his capture and his attorney stated at the plea hearing that Cruz was "not able to express emotions and really discuss the facts of this case in any sort of sensible way[.]" *Id*. Notwithstanding, counsel did not claim that Cruz was incompetent, and the matter was not probed by the trial court or Commonwealth. Six years later, Cruz filed a PCRA petition, alleging that he had only recently regained sufficient brain function to file a *pro se* PCRA petition. The PCRA court dismissed the petition on the basis that "mental incapacity, whatever its source (inebriation, trauma, etc.), was insufficient as a matter of law" to toll the operation of the time-bar. *Id*. at 291. The High Court remanded for a hearing to give Cruz an "opportunity to prove: (1) that he was and remained incompetent throughout the period during which his right to file a PCRA petition lapsed; and (2) that his current petition was timely filed" after becoming sufficiently competent. *Id*. at 288.

Here, as a matter of law, Appellant failed to show that he "was and remained incompetent" throughout the relevant time periods. Unlike the petitioner in *Cruz*, there is no evidence suggesting that Appellant may have been incompetent at the time of his plea or after sentencing, which, in turn, means that there is no new fact to present. The *Cruz* Court acknowledged that brain injuries can "prevent . . . [one] from knowing the facts upon which his substantive claim would be predicated," *id*. at 291, but here all the facts cited by Appellant were known to him during the time which he could have sought timely collateral relief. Appellant's *pro se* petition asserted that he now

knows that he "blacked out" and maintains that he believed he shot at his wife instead of "through the floor," but he cited these same facts at sentencing. N.T. Sentencing, 10/8/19, at 58, 60.

In *Commonwealth v. Shaw*, 217 A.3d 265 (Pa.Super. 2019), we concluded that facts known and discussed at the time of sentencing could not qualify as newly-discovered facts:

> The record in this case confirms [Shaw]'s mental issues and difficulties were fully explored and considered at trial and at sentencing; and [Shaw] was deemed competent for trial in 2006, as well as sentencing and direct review. Thus, the very existence of [Shaw]'s mental challenges did not qualify as a 'new fact' for purposes of satisfying that time-bar exception. [Shaw] knew then what he now claims is a "new fact."

*Id*. at 272 (citation omitted).

The same is true here, and Appellant does not grapple with the fact that his attorney informed the court that Appellant had been found competent on the day he waived his preliminary hearing. *See* N.T. Guilty Plea, 2/6/19, at 5 ("[W]hen he waived his preliminary hearing, Your Honor, he was found to be competent that day and has found to be competent since."). Additionally, while Appellant was deemed incompetent sometime after his plea, he regained competency before sentencing. Again, this fact was acknowledged on the record. N.T. Sentencing, 10/8/19, at 5 ("The September 20, 2019, mental health report, the most recent one[,] stated that [Appellant] is competent to proceed."); *id.* at 28 (Appellant's counsel acknowledging the report). Instead, Appellant simply posits that we should presume he was, despite that concession, incompetent throughout:

Every psychiatric evaluation performed throughout the case, both before the preliminary hearing and prior to sentencing, all diagnosed [Appellant] with schizophrenia and determined that he was incompetent and unable to assist in his own defense. There is absolutely no documentation in the record to indicate that [Appellant] ever recovered from this diagnosis or became competent to stand trial or assist in his defense.

The sentencing court ordered that [Appellant] continue to receive mental health treatment while incarcerated. These evaluations constitute clear and convincing evidence of [Appellant]'s continued incompetence throughout the entire process, including the relevant time period for filing a PCRA petition. Without a recent evaluation or documentation of [his] competence, the assumption must be that [he] remained incompetent during the relevant time period. [Appellant]'s continued mental incompetence throughout the statutory period for filing his *pro se* petitions satisfies the exception of [§] 9545(b)(1)(ii) and allows for filing of the *pro se* PCRA petition after the one-year time period. As such, the *pro se* petition is timely filed.

Appellant's brief at 15-16.

Appellant's assertion that there was no evidence he returned to competency is contradicted by the record. While we recognize his attorney's concessions are not necessarily fatal, in that Appellant appears to suggest that his trial counsel was ineffective for failing to challenge these findings and that he could obtain substantive relief on those grounds, the point remains that Appellant's burden to plead and prove the exception required further development in his petition.[2] Specifically, Appellant must explain when his period of competency began and when his condition abated such that he had

_____

[2] The Rule 907 notice alerted Appellant of the need to present actual evidence. Notice of Intent to Dismiss, 3/8/23, at 4 ¶ 16 ("[Appellant] failed to provide a new mental health evaluation within thirty . . . days or at any time following his sentencing stating that he was incompetent.").

the capacity to ascertain the nature of his claims. We cannot simply accept at face value his assertion that he was incompetent throughout. **See id**. at 272 ("Further, [Shaw] did not explain how his mental limitations later increased or if he regressed or when he recovered.").

For all the foregoing reasons, we agree with the PCRA court that Appellant failed to adequately plead and prove the applicability of the newly-discovered fact exception, rendering his petitions untimely.

Orders affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 6/7/2024