J-S26012-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA  :  IN THE SUPERIOR COURT OF
                                  :            PENNSYLVANIA
                                  :
          v.                  :
                                  :
                                  :
MICHAEL L. SANSONE          :
                                  :
          Appellant         :  No. 961 MDA 2023

Appeal from the PCRA Order Entered June 28, 2023
In the Court of Common Pleas of Luzerne County
Criminal Division at No(s):  CP-40-CR-0002413-2016

BEFORE:  PANELLA, P.J.E., OLSON, J., and KUNSELMAN, J.

MEMORANDUM BY PANELLA, P.J.E.:    **FILED: OCTOBER 7, 2024**

Michael L. Sansone appeals from the order in the Court of Common Pleas of Luzerne County denying his petition filed pursuant to the Post Conviction Relief Act, 42 Pa.C.S.A.§§ 9541-9546. Sansone argues trial counsel was ineffective for failing to object to the SANE nurse's testimony regarding her diagnosis of sexual abuse by history. After careful review, we affirm.

On September 14, 2016, the Commonwealth charged Sansone with 19 counts related to his contact with his paramour's 8-year-old child in the home in which he resided with his paramour, the victim, and the victim's 3 siblings. Specifically, Sansone was charged with one count each of rape of a child, indecent deviant sexual intercourse ("IDSI") person less than 16 years of age, and IDSI with a child less than 13 years of age; seven counts of unlawful contact with a minor-sexual offenses; one count of aggravated indecent

assault of a child; and two counts each of aggravated indecent assault without consent, aggravated indecent assault-complainant less than 13 years old, corruption of minors-defendant 18 or above, and endangering the welfare of children ("EWOC").[1] At the conclusion of trial, the jury convicted Sansone of unlawful contact with a minor, corruption of minors, and endangering the welfare of children, acquitting him of all remaining charges. The trial court sentenced Sansone to 72 to 144 months' incarceration on the unlawful contact charge, with concurrent sentences of 3 to 6 months on the corruption of minors and endangering the welfare of children charges. This Court affirmed the judgment of sentence, and the Pennsylvania Supreme Court denied further review. *See Commonwealth v. Sansone*, 240 A.3d 175 (Pa. Super. filed Aug. 19, 2020) (unpublished memorandum), *appeal denied*, 249 A.3d 501 (Pa. 2021).

Sansone filed a timely *pro se* PCRA petition, and appointed counsel filed an amended petition alleging ineffective assistance of trial counsel, arguing, in pertinent part, that trial counsel was ineffective for failing to object to the SANE nurse's testimony that her diagnosis of the victim was "sexual assault by history," on the basis of the Pennsylvania Supreme Court's holding in *Commonwealth v. Maconeghy*, 171 A.3d 707 (Pa. 2017), that an expert

---

[1] 18 Pa.C.S.A. §§ 3121(c), 3123(a)(7), 3123(b), 6318(a)(1), 3125(b), 3152(a)(1), 3125(a)(7), 6301(a)(1)(ii), 4304(a)(1).

should not offer an opinion on sexual abuse if there is no medical evidence to support the conclusion.

At the PCRA hearing, trial counsel testified he was not aware of *Maconeghy* at the time of trial but that, after reading the case, he believed an objection to the SANE nurse's testimony would have been appropriate. Counsel acknowledged the SANE nurse admitted at trial that, in light of no physical evidence being present, it is possible that no sexual assault occurred. Trial counsel could not explain why he did not object, but stated that it could have been because he was focused on the fact that there was not any physical evidence. He pointed out that the jury acquitted Sansone of rape and IDSI, and that the corruption charge was not based on any sexual assault.

At the conclusion of the hearing, the PCRA court denied Sansone's petition. Sansone timely appealed and filed a court-ordered Rule 1925(b) statement of errors. *See* Pa.R.A.P. 1925(b).

Sansone raises one question for this Court's review:

> Did the PCRA court abuse its discretion when it held [Sansone]'s trial counsel was not ineffective for failing to object to the Commonwealth's expert witness's testimony that the victim was sexually abused in the absence of any physical evidence?

Appellant's Brief, at 2.

Our review of an order dismissing a PCRA petition is limited to examining whether the PCRA court's determinations are supported by the record and the court's decision is free of legal error. *See Commonwealth v. Shaw*, 217 A.3d 265, 269 (Pa. Super. 2019). Although we give great deference to the

- 3 -

factual findings of the PCRA court and will not disturb those findings unless they have no support in the record, we apply a *de novo* standard of review to the PCRA court's legal conclusions. *See Commonwealth v. Benner*, 147 A.3d 915, 919 (Pa. Super. 2016).

We presume counsel is effective, and an appellant bears the burden to prove otherwise. *See Commonwealth v. Bennett*, 57 A.3d 1185, 1195 (Pa. 2012). The test for ineffective assistance of counsel is the same under both the Federal and Pennsylvania Constitutions. *See Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Commonwealth v. Kimball*, 724 A.2d 326, 330-32 (Pa. 1999). An appellant must demonstrate: (1) his underlying claim is of arguable merit; (2) the particular course of conduct pursued by counsel did not have some reasonable basis designed to effectuate his interests; and (3) but for counsel's ineffectiveness, there is a reasonable probability that the outcome of the proceedings would have been different. *See Commonwealth v. Solano*, 129 A.3d 1156, 1162-63 (Pa. 2015). A failure to satisfy any prong of the test for ineffectiveness will require rejection of the claim. *See id.* at 1163.

Sansone argues "trial counsel was ineffective for failing to object when Commonwealth expert Nurse Freidman improperly bolstered [the victim]'s allegations by explaining that her [diagnosis] was that [the victim] was sexually assaulted." Appellant's Brief, at 7. He maintains that the testimony, based on the history provided by the victim, was offered "without basis in

fact," and was therefore inadmissible pursuant to *Maconeghy*. *Id.* at 8

(citations omitted); *see id.* at 12. We disagree.

As cogently explained by the Honorable Michael T. Vough of the Luzerne

County Court of Common Pleas, in his June 28, 2023, memorandum:

> In *Maconeghy*, the physician who conducted a physical examination of the victim testified that "[t]he history she provided to me pretty clearly indicated that she was sexually abused," and that "I really believe strongly that was my medical conclusion that this child was victimized." *Id.* at 708 (quotations and citations omitted). The physician, however, also testified that he "found no evidence of abuse in the physical exam[.]" *Id.* The [C]ourt held that:
>
>> an expert witness may not express an opinion that a particular complainant was a victim of sexual assault based upon witness accounts couched as a history, at least in the absence of physical evidence of abuse. We find that such testimony intrudes into the province of the jury relative to determining credibility.
>
> *Id.* at 712. The [C]ourt acknowledged "the high stakes involved in child sexual assault cases and the potential power and persuasiveness of testimony by those clothed with the mantle of professional expertise." *Id.* at 713.
>
> In *Commonwealth v. Minerd*, 753 A.2d 225 (Pa. 2000), the physician who examined the victims testified that even though she found no signs of physical sexual abuse, "the absence of physical trauma did not prove that the abuse had never occurred." *Id.* at 228. [The physician testified that lack of medical evidence was not inconsistent with the children's allegations of anal sodomy, because there had been adequate time between abuse and expert's examination of children for healing of wounds to have occurred.] On cross, the physician "confirmed that she was not stating that the alleged acts did or did not occur," but that "there was no evidence of it." *Id.* at 228 (quotations and citations omitted). The Court held that the expert physician did not improperly bolster the victim's credibility, explaining:

> [The physician] was neither asked for, nor did she express, any opinion as to whether the children were telling the truth about being sexually abused. Her testimony only explained the significance of the results of the physical examination. Moreover, [the physician]'s testimony regarding her physical findings was inconclusive as to whether any abuse had even occurred. Thus, we do not agree that the expert impermissibly bolstered the children's credibility.

*Id.* at 230.

> Here, similar to **Minerd**, nurse practitioner Cheryl Friedman (hereinafter "nurse"), did not impermissibly bolster the victim's credibility. The nurse, following an interview and physical exam diagnosed the victim with "sexual assault by history." … At trial, the nurse explained … that her diagnosis was based on what the victim relayed to her. (N.T. 113-16, 130).

> Unlike **Maconeghy**, the nurse was neither asked for, nor did she express, any opinion as to whether the victim was telling the truth about being sexually abused. Regarding the physical examination, the nurse's testimony was inconclusive as to whether any abuse had occurred, agreeing with trial counsel that a "normal physical exam does not rule out the possibility of sexual assault… a normal exam also means that possibly sexual assault didn't happen," and "we don't know based on the physical exam whether it happened or didn't happen in this case." (N.T. 129-30). The nurse's testimony only explained the significance of the results of the physical examination, stating multiple times that the victim's exam came back normal. (N.T. 115, 122, 128-30).

Trial Court Opinion, , 6/28/23, at 3-5 (pagination provided). We agree with the PCRA court's analysis.

We also stress that, on cross-examination, defense counsel thoroughly questioned Nurse Friedman about the 8-year-old victim's complete lack of physical injury despite her report that Sansone, a 230-pound adult, had raped her. *See id.* 121-23, 128-29. Counsel expressly asked the SANE nurse:

- 6 -

Q So if I understand you correctly, you're saying that the normal physical exam does not rule out the possibility of sexual assault?

A Yes.

Q Is the opposite true though that a normal exam also means that possibly sexual assault didn't happen?

A Yes.

Q So we don't know based on the physical exam whether it happened or didn't happen in this case?

A In this case, correct.

Q Right. So 50 percent it could have happened, 50 percent it didn't happen?

A Well, I look back at my history that I've obtain[ed] and I look to see if it's … clear and consistent. So my diagnosis is based on the history presented.

*Id.* at 219-30.

Additionally, although Nurse Friedman stated that listening for clear and consistent information aids in her diagnosis, *see id.* at 114, as noted by the court, at no point did the nurse say the victim was telling the truth. Therefore, the jury was made aware that there was no physical evidence of sexual assault, that Nurse Friedman's diagnosis was based on the victim's history alone, but that, based on the lack of any physical evidence, it was just as likely that a sexual assault had not occurred. The nurse never said it was her medical opinion that a sexual assault definitely occurred. Hence, she did not improperly bolster the victim's testimony in the absence of physical evidence and the jury was free to exercise its role of weighing all evidence before it.

Therefore, the concerns raised by **Maconeghy**, decided in 2017, were not present here. Instead, **Minerd**, decided 17 years earlier, was more akin to these circumstances. Based on the foregoing, we conclude the PCRA court properly found there is no underlying merit to the claim that trial counsel was ineffective for failing to object to the SANE nurse's testimony as improperly bolstering that of the victim on the basis of **Maconeghy**.

Based on the foregoing, the evidence of record supports the PCRA court's decision. Therefore, we affirm the PCRA court's order denying Sansone's petition.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 10/7/2024