J-S05017-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ANTHONY BEST | : | |
| | : | |
| Appellant | : | No. 1167 EDA 2025 |

Appeal from the PCRA Order Entered April 25, 2025
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0114901-1985

BEFORE:   PANELLA, P.J.E., KING, J., and FORD ELLIOTT, P.J.E.[*]

MEMORANDUM BY KING, J.:                          **FILED APRIL 20, 2026**

Appellant, Anthony Best, appeals *pro se* from the order entered in the Philadelphia County Court of Common Pleas, which dismissed as untimely his petition filed under the Post Conviction Relief Act ("PCRA").[1]  We affirm.

The relevant facts and procedural history of this matter are as follows. On May 26, 1979, Appellant shot and killed Ann Henderson while robbing the bar she was closing.  In 1984, Appellant was arrested and charged in relation to the crime.  On October 8, 1986, a jury convicted Appellant of second-degree murder and related offenses.  On January 16, 1987, the court sentenced Appellant to a mandatory term of life without parole.  Following a *nunc pro tunc* appeal, this Court affirmed his judgment of sentence.  ***See***

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 42 Pa.C.S.A. §§ 9541-9546.

*Commonwealth v. Best*, No. 01559 Philadelphia 1991 (Pa.Super. filed Apr. 21, 1993). The Pennsylvania Supreme Court denied allowance of appeal on December 6, 1993.[2]

On August 21, 2012, Appellant filed his first PCRA petition, which he amended in 2013, 2018, and 2020, arguing that, despite the fact that he was over 18 at the time he committed the crimes at issue, his mandatory life sentence was unconstitutional pursuant to *Miller v. Alabama*, 132 S.Ct. 2455, 132 S.Ct. 2455, 183 L.Ed.2d 407 (2012) and *Montgomery v. Louisiana*, 577 U.S. 190, 136 S.Ct. 718, 193 L.Ed.2d 599 (2016). On May 27, 2021, the PCRA court denied relief. Appellant did not appeal.

On March 28, 2024, Appellant filed his second PCRA petition. On March 21, 2025, the PCRA court sent Appellant notice pursuant to Pa.R.Crim.P. 907 that his petition would be dismissed without a hearing, as it was untimely, and no timeliness exceptions applied. On April 25, 2025, the PCRA court denied Appellant's petition, and Appellant appealed.[3]

_____

[2] Due to the age of this case, the paper certified record was scanned and converted to an electronic record. However, certain items are either not present or are difficult to decipher. For example, handwritten docket sheets indicate that Appellant's petition for allowance of appeal to the Pennsylvania Supreme Court was denied on December 6, 1993. However, a search of the certified record as well as of the UJS Portal system did not return a Supreme Court docket number for Appellant's petition for allocatur. (*See* https://ujsportal.pacourts.us/CaseSearch, last accessed Mar. 26, 2026).

[3] On April 23, 2025, Appellant prematurely filed a *pro se* notice of appeal. Nevertheless, pursuant to Pa.R.A.P 905(a)(5), a notice of appeal filed after
*(Footnote Continued Next Page)*

On appeal, Appellant raises the following issues for our review:

[1]. Whether the Newly-Discovered Facts/Evidence would likely result in a different verdict if a new trial were granted?

[2]. Whether the prosecution lacked subject-matter jurisdiction to prosecute Appellant?

[3]. Whether Appellant is factually innocent premised upon being a delinquent at the time the crime was consummated May 1979?

[4]. Whether Appellant's tainted trial and subsequent illegal sentence is a miscarriage of justice via inconsistent with the rudimentary demands of justice?

[5]. Whether Appellant's sentence violates the 8th Amendment of the United States Constitution?

[6]. Whether the Commonwealth violated due process under the 14th Amendment of the United States Constitution?

[7]. Whether the Commonwealth committed Structural Error?

(Appellant's Brief at 13).[4]

As a preliminary matter, the timeliness of a PCRA petition is a jurisdictional requisite. ***Commonwealth v. Hackett***, 598 Pa. 350, 956 A.2d 978 (2008), *cert. denied*, 556 U.S. 1285, 129 S.Ct. 2772, 174 L.Ed.2d 277 (2009). Pennsylvania law makes clear that no court has jurisdiction to hear an untimely PCRA petition. ***Commonwealth v. Robinson***, 575 Pa. 500, 837 A.2d 1157 (2003). The PCRA requires a petition, including a second or

_____

the announcement of a determination but before the entry of an appealable order, shall be treated as filed after such entry and on the date thereof.

[4] Appellant's brief numbers these questions as 9-15.

- 3 -

subsequent petition, to be filed within one year of the date the underlying judgment becomes final. 42 Pa.C.S.A. § 9545(b)(1). "[A] judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3).

Generally, to obtain merits review of a PCRA petition filed more than one year after the judgment of sentence became final, the petitioner must allege and prove at least one of the three timeliness exceptions:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). Additionally, a PCRA petitioner must file a petition invoking a timeliness exception within one year of the date the claim could have been presented. 42 Pa.C.S.A. § 9545(b)(2).

To meet the newly-discovered facts timeliness exception set forth in Section 9545(b)(1)(ii), a petitioner must "demonstrate he did not know the

facts upon which he based his petition and could not have learned those facts earlier by the exercise of due diligence." ***Commonwealth v. Brown***, 111 A.3d 171, 176 (Pa.Super. 2015), *appeal denied*, 633 Pa. 761, 125 A.3d 1197 (2015). "Due diligence demands the petitioner to take reasonable steps to protect his own interests." ***Commonwealth v. Shaw***, 217 A.3d 265, 270 (Pa.Super. 2019). "Additionally, the focus of this exception 'is on the newly discovered facts, not on a newly discovered or newly willing source for previously known facts.'" ***Brown, supra*** at 176 (quoting ***Commonwealth v. Marshall***, 596 Pa. 587, 596, 947 A.2d 714, 720 (2008)).

Instantly, Appellant's judgment of sentence became final in the 1990s. His current petition, filed approximately 30 years after his judgment of sentence became final, is patently untimely. ***See*** 42 Pa.C.S.A. § 9545(b)(1), (b)(3). On appeal, Appellant appears to invoke the newly discovered fact exception, citing ***Commonwealth v. Tarselli***, No. 360 MDA 2020 (Pa.Super. filed Jul. 7, 2021) (unpublished memorandum).[5] In ***Tarselli***, the appellant was adopted from Korea, where cultural norms regarding the calculation of birthdates consider newborn infants to be one year old. ***See Tarselli, supra*** at 6-7. When Tarselli was brought to an orphanage, he stated that he was "six years old," and this age was used to calculate an estimated date of birth during his adoption. ***See id.*** Tarselli, who had been sentenced to life without parole following a murder, argued that he was a juvenile at the time of the

---

[5] ***See*** Pa.R.A.P. 126(b) (explaining that we may rely on unpublished decisions of this Court filed after May 1, 2019 for their persuasive value).

crime's commission because when he stated that he was six years old prior to adoption, he actually would have been five years old in the United States. *Id.* This Court agreed that, based upon Korean customs, Tarselli had "established that it [was] more likely than not that differences in cultural norms regarding age caused him to be regarded as approximately one year older than he actually was at the time of his adoption," and reversed and remanded for resentencing consistent with *Miller* and *Montgomery*. *See id.* at 7-10.

Relying on *Tarselli*, Appellant argues that he is entitled to reconsideration of his sentence. Significantly, Appellant admits that he was over 18 when the crime was committed. (*See* Appellant's Brief at 18). Nevertheless, Appellant appears to aver that, because Tarselli's age using his original assigned birthday meant that Tarselli was 18 years, 2 months, and 9 days when his crime was committed, Appellant was also more likely than not a juvenile at the time of his offense and entitled to relief under *Miller* and *Montgomery*.[6] Appellant claims that the *Tarselli* decision is a newly-

_____

[6] Appellant does not address the fact that *Tarselli* was decided under a very narrow set of facts which took into consideration Korean cultural norms which do not apply in Appellant's case. *See Tarselli, supra* at 9 (explaining this scenario is unique and unlikely to recur; appellant established that he was very young child of Korean parents, raised in Korea, and reported that he was six years old; he also established that proper framework to understand that self-report is one that incorporates Korean cultural norms in which he had been raised thus far, which credited him year of life pre-birth). Additionally, certain documents in the record indicate that Appellant was born on July 8, 1959, which would make his age over 18 at the time of the May 26, 1979 crimes. (*See, e.g.,* Arrest Report, 10/17/84). Regardless, Appellant admits he was over 18 at the time of the offense.

discovered fact previously unknown to him, which he could not have discovered earlier with the exercise of due diligence.

Nevertheless, it is well-settled that judicial decisions do not constitute a "new fact" for purposes of the time-bar exception. **See Commonwealth v. Watts**, 611 Pa. 80, 23 A.3d 980 (2011) (explaining subsequent decisional law does not constitute new "fact" per Section 9545(b)(1)(ii)). In any event, the facts of **Tarselli** are markedly different than the facts at bar. Therefore, Appellant has failed to prove an exception to the PCRA time-bar. **See Robinson, supra**. Accordingly, we affirm.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 4/20/2026