J-A05026-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
                                            :         PENNSYLVANIA
                                            :
       v.                             :
                                            :
MATTHEW DAY                       :
                                            :
            Appellant         :         No. 788 EDA 2023

Appeal from the PCRA Order Entered March 6, 2023
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0004296-2015

BEFORE: DUBOW, J., KING, J., and LANE, J.

MEMORANDUM BY KING, J.:                  **FILED JULY 2, 2024**

Appellant, Matthew Day, appeals from the order entered in the Philadelphia County Court of Common Pleas, which dismissed as untimely his petition filed under the Post Conviction Relief Act ("PCRA").[1] We affirm.

The PCRA court opinion set forth the relevant facts and procedural history of this case as follows:

> On November 2, 2015, Appellant … entered into a negotiated guilty plea before the [trial court] to robbery and possession of an instrument of a crime ("PIC"). In accordance with the plea agreement, [the trial court] sentenced Appellant to two and one-half (2½) to five (5) years of confinement, followed by five (5) years of probation. Appellant did not file any post-sentence motions or a direct appeal. On March 7, 2022, Appellant filed a *pro se* petition pursuant to the [PCRA]. Counsel was appointed and filed an amended petition on June 9, 2022. [The PCRA court] denied the petition as untimely on March 6, 2023.

---

[1] 42 Pa.C.S.A. §§ 9541-9546.

> Appellant filed a timely notice of appeal to the Superior Court of Pennsylvania on March 24, 2023.

(PCRA Court Opinion, filed 5/19/23, at 1). On April 4, 2023, the court ordered Appellant to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. Appellant timely filed his Rule 1925(b) statement on April 20, 2023.

> Appellant now raises the following issue for our review:
>
>> Whether the [PCRA] court erred when it denied [Appellant's] petition as untimely as a matter of law when [Appellant] alleged in his amended petition for post conviction relief that: "[Appellant] has struggled with several mental health issues from the date of his arrest until the filing of his PCRA."

(Appellant's Brief at 6).

As a preliminary matter, the timeliness of a PCRA petition is a jurisdictional requisite. **Commonwealth v. Hackett**, 598 Pa. 350, 956 A.2d 978 (2008), *cert. denied*, 556 U.S. 1285, 129 S.Ct. 2772, 174 L.Ed.2d 277 (2009). Pennsylvania law makes clear that no court has jurisdiction to hear an untimely PCRA petition. **Commonwealth v. Robinson**, 575 Pa. 500, 837 A.2d 1157 (2003). The PCRA requires a petition, including a second or subsequent petition, to be filed within one year of the date the underlying judgment becomes final. 42 Pa.C.S.A. § 9545(b)(1). "[A] judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3).

Generally, to obtain merits review of a PCRA petition filed more than one year after the judgment of sentence became final, the petitioner must allege and prove at least one of the three timeliness exceptions:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). Additionally, a PCRA petitioner must file his petition within one year of the date the claim could have been presented. 42 Pa.C.S.A. § 9545(b)(2).

To meet the "newly-discovered facts" timeliness exception set forth in Section 9545(b)(1)(ii), a petitioner must "demonstrate he did not know the facts upon which he based his petition and could not have learned those facts earlier by the exercise of due diligence." *Commonwealth v. Brown*, 111 A.3d 171, 176 (Pa.Super. 2015), *appeal denied*, 633 Pa. 761, 125 A.3d 1197 (2015). "Due diligence demands the petitioner to take reasonable steps to protect his own interests." *Commonwealth v. Shaw*, 217 A.3d 265, 270 (Pa.Super. 2019). "Additionally, the focus of this exception 'is on the newly

discovered facts, not on a newly discovered or newly willing source for previously known facts.'" ***Brown, supra*** at 176 (quoting ***Commonwealth v. Marshall***, 596 Pa. 587, 596, 947 A.2d 714, 720 (2008)).

Here, Appellant did not file a notice of appeal after his sentencing hearing. Appellant's judgment of sentence became final thirty days later, on December 2, 2015. ***See*** Pa.R.A.P. 903 (requiring that notice of appeal shall be filed within thirty days after entry of order from which appeal is taken). Thus, Appellant had until December 2, 2016 to file a timely PCRA petition. ***See*** 42 Pa.C.S.A. § 9545(b)(1). Appellant filed the current petition on March 7, 2022, which was untimely on its face.

On appeal, Appellant asserts that "mental health issues prevented him from filing his PCRA [petition] in a timely matter." (Appellant's Brief at 14). Appellant argues that he "was disconnected from reality at many points between his guilty plea and the filing of his PCRA [petition]." (***Id.***) To support this assertion, Appellant highlights the following incidents which occurred in 2021: 1) Appellant sent a rambling, incoherent email to a probation officer; 2) Appellant was arrested for threatening a police commissioner and making unwarranted 911 calls; and 3) the court entered an involuntary mental health commitment order against Appellant. Against this backdrop, Appellant relies on ***Commonwealth v. Cruz***, 578 Pa. 325, 852 A.2d 287 (2004), for the proposition that he "should be afforded an opportunity to attempt to prove that he was incompetent at the relevant times and that incompetence qualifies

under the after-discovered evidence to the PCRA time-bar." (*Id.*)

Appellant acknowledges that *Cruz* is a narrow holding, and many Superior Court decisions have "found that most of the [petitioners] did not plead and prove the high bar of incompetency established by the Pennsylvania Supreme Court." (*Id.* at 15). Appellant insists, however, he has put forth adequate evidence demonstrating his mental illness. Appellant also maintains that he acted with due diligence in filing the current PCRA petition. Appellant concludes that this Court must vacate the order dismissing his PCRA petition and remand the matter for an evidentiary hearing to resolve the remaining issues of material fact. We disagree.

Generally, broad claims of mental illness do not satisfy a statutory exception to the PCRA time-bar:

> In [*Cruz, supra*], our Supreme Court carved out a narrow exception to the general rule where a PCRA petitioner's mental incompetence prevented him from filing a timely PCRA petition. The appellant in *Cruz* shot and killed a number of victims before turning his handgun on himself and attempting to commit suicide. The appellant survived, but he sustained a severe brain injury that left him essentially lobotomized. The appellant entered a plea of *nolo contendere* to three counts of second-degree murder, and the court sentenced him to consecutive terms of life imprisonment for each offense. At the time of the plea, the parties informed the court that the appellant was pleading *nolo contendere* because he was unable to express emotions or discuss the facts of the case in any sensible way due to his brain injury. Almost six years later, the appellant filed a PCRA petition alleging his brain injury had rendered him incompetent and prevented him from participating in his own defense. The appellant further alleged that his brain injury had been slowly resolving in the months just before he filed his PCRA petition. The *Cruz* Court recognized that

the PCRA does not include an exception for mental incapacity but held in some circumstances, claims that were defaulted due to the PCRA petitioner's mental incompetence **may** qualify under the statutory [newly-discovered fact] exception.

Thus, the general rule remains that mental illness or psychological condition, absent more, will not serve as an exception to the PCRA's jurisdictional time requirements. Consequently, Pennsylvania courts have continued to construe narrowly the limited holding in *Cruz*.

*Shaw, supra* at 270-71 (internal citations and quotation marks omitted) (emphasis in original).

Instantly, the PCRA court determined that Appellant did not satisfy the newly-discovered facts exception:

At no point in his filings does he assert when he became incompetent or regained competency. In his Amended Petition, Appellant argues that he "has long struggled with chronic mental health issues, including schizophrenia," and has been on Social Security disability for 21 years. He points to an August 12, 2014 *Gagnon II* summary prepared for a different case [where] his probation officer noted concerning behavior and recommended that he be supervised by the mental health unit. Appellant also cites to an incoherent email he sent to the Duputy Court Administrator of the First Judicial District of Pennsylvania on March 21, 2021, and a July 21, 2021 *Gagnon II* summary that mentions his mental illness. [The PCRA c]ourt also acknowledges that on June 22, 2021, the [trial court] issued a Criminal Involuntary Mental Health Commitment order committing Appellant to the Philadelphia Detention Center Forensic Unit.[2] None of this speaks to when Appellant became incompetent or regained competency. Moreover, the fact that Appellant has been on disability for mental

_____

[2] We note that the relevant docket entry from the Court of Common Pleas states, "[Appellant] found to be Competent but in need of Treatment[.]" (Court of Common Pleas Docket Entry, dated 6/22/21).

health issues for over 20 years belies his argument that he acted with due diligence in filing the instant petition.

Additionally, the record of Appellant's plea shows that he was competent and able to participate in and understand the proceedings against him. No mental health evaluation was completed or requested by either party prior to Appellant's plea, and neither party mentioned any concerns about Appellant's competency at the plea hearing. When asked if he was suffering from any mental illness, Appellant replied "no." During the hearing, Appellant stated that he wanted to "take the 2½ to 5," and "just want credit for [his] time served." When [the trial court] asked Appellant if he would prefer to enter into a non-negotiated plea, Appellant said "no." Defense counsel then explained to Appellant that if he entered into a non-negotiated plea, he could receive the maximum sentence or [the trial court] could "go less than that. He could go 11½ to 23 months—" to which Appellant replied that he would take the negotiated sentence. [The trial court] also informed Appellant that he could go to trial, to which Appellant said "I don't want a trial. I'll take the 2½ to 5 years." All of this taken together shows that Appellant was competent and able to understand and participate in the proceedings.

(PCRA Court Opinion at 4-6) (internal citations and footnote omitted). Our review of the record supports the court's analysis.

We emphasize that the amended PCRA petition did not provide dates for when Appellant's mental limitations commenced or when he recovered. Rather, Appellant now baldly asserts that he regained competence as of March 7, 2022, which is the day he filed his *pro se* PCRA petition.[3] (**See** Appellant's Brief at 9). Additionally, the amended petition failed to include any exhibits

_____

[3] Instead of providing specific dates in his amended petition, Appellant states that he "has done his best to act with due diligence while struggling with significant mental health issues." (Amended Petition, filed 6/9/22, at 4).

- 7 -

in the form of medical records or expert reports to demonstrate when Appellant might have regained competence. Instead, the amended petition provided mere anecdotal evidence, in the form of stories about Appellant's questionable behavior, without including other proof regarding the timeline of any mental health diagnoses. (***See*** Amended Petition at 3-4).

Moreover, Appellant's reliance on ***Cruz*** is misplaced. The ***Cruz*** Court emphasized the undisputed fact that the petitioner suffered from a self-inflicted brain injury prior to the entry of his guilty plea, the effects of which still plagued him at the time of the PCRA proceedings:

> Although that fact does not automatically prove that [the petitioner] was incompetent or establish the persistence of the alleged incompetence, it does militate against any concern that this belated claim of incompetence is fraudulent. Moreover, [the petitioner's] counsel accurately notes that there is record evidence from the *nolo contendere* hearing that suggests a basis for deeming [the petitioner] incompetent at the very time he entered his plea: *i.e.*, plea counsel's statement that appellant was "lobotomized" and "not able to … really discuss the facts of this case in any sort of sensible way."

***Cruz, supra*** at 341, 852 A.2d at 296. As the PCRA court noted, Appellant's circumstances are distinguishable because Appellant fully participated in his own plea hearing. (***See*** N.T. Plea Hearing, 11/2/15, at 3-9). Therefore, Appellant cannot satisfy the newly-discovered facts exception to the timeliness requirements of the PCRA. ***See Shaw, supra***; ***Brown, supra***. Accordingly, we affirm the order dismissing Appellant's current petition as untimely.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 7/2/2024