**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| MICHAEL L. SANSONE | : | |
| | : | |
| Appellant | : | No. 961 MDA 2023 |

Appeal from the PCRA Order Entered June 28, 2023
In the Court of Common Pleas of Luzerne County
Criminal Division at No(s): CP-40-CR-0002413-2016

BEFORE: PANELLA, P.J.E., OLSON, J., and KUNSELMAN, J.

MEMORANDUM BY PANELLA, P.J.E.:                    **FILED MAY 07, 2025**

On October 7, 2024, this Court issued a memorandum decision in this matter affirming the PCRA court's order denying Sansone's PCRA petition, which alleged that trial counsel was ineffective for failing to object to the SANE nurse's trial testimony regarding her diagnosis of sexual abuse by history.

On March 18, 2025, the Pennsylvania Supreme Court vacated this Court's October 7, 2024, decision and remanded for this Court to reassess Sansone's ineffectiveness claim in light of the holding in **Commonwealth v. Maconeghy**, 171 A.3d 707, 713, 715 (Pa. 2017), and in support of that decision stated:

> "that expert testimony opining that a child has been sexually abused—which is predicated on witness accounts and not physical findings—is inadmissible" and its acknowledgement that there is "no material distinction between direct vouching (e.g., 'I believe the complainant is telling the truth') and indirect vouching (e.g.,

'I conclude that the complainant was sexually assaulted based upon the history she related.'").

***Commonwealth v. Sansone***, 555 MAL 2024, at *1 (Pa. filed March 18, 2025) (citation omitted). We conduct that reassessment now.

On September 14, 2016, the Commonwealth charged Sansone with 19 counts related to his contact with K.B., his paramour's 8-year-old child, and K.B.'s brother, L.B., in the home in which Sansone resided with his paramour, K.B., L.B., and the victims' siblings. Specifically, Sansone was charged with one count each of rape of a child, indecent deviant sexual intercourse ("IDSI") person less than 16 years of age, and IDSI with a child less than 13 years of age; seven counts of unlawful contact with a minor-sexual offenses; one count of aggravated indecent assault of a child; and two counts each of aggravated indecent assault without consent, aggravated indecent assault-complainant less than 13 years old, corruption of minors-defendant 18 or above, and endangering the welfare of children ("EWOC").[1] At the conclusion of trial, the jury convicted Sansone of unlawful contact with a minor, corruption of minors, and endangering the welfare of children related to K.B., acquitting him of all remaining charges. This Court affirmed the judgment of sentence, and the Pennsylvania Supreme Court denied further review. ***See Commonwealth v.***

---

[1] 18 Pa.C.S.A. §§ 3121(c), 3123(a)(7), 3123(b), 6318(a)(1), 3125(b), 3152(a)(1), 3125(a)(7), 6301(a)(1)(ii), 4304(a)(1).

*Sansone*, 240 A.3d 175 (Pa. Super. filed Aug. 19, 2020) (unpublished memorandum), *appeal denied*, 249 A.3d 501 (Pa. 2021).

Sansone filed a timely *pro se* PCRA petition, and appointed counsel filed an amended petition alleging ineffective assistance of trial counsel, arguing, in pertinent part, that trial counsel was ineffective for failing to object to the SANE nurse's testimony that her diagnosis of the victim was "sexual assault by history," on the basis of the Pennsylvania Supreme Court's holding in *Maconeghy*. At the conclusion of a hearing, the PCRA court denied Sansone's petition. Sansone timely appealed and filed a court-ordered Rule 1925(b) statement of errors. *See* Pa.R.A.P. 1925(b).

Our review of an order dismissing a PCRA petition is limited to examining whether the PCRA court's determination is supported by the record, and the court's decision is free of legal error. *See Commonwealth v. Shaw*, 217 A.3d 265, 269 (Pa. Super. 2019). Although we give great deference to the factual findings of the PCRA court and will not disturb those findings unless they have no support in the record, we apply a *de novo* standard of review to the PCRA court's legal conclusions. *See Commonwealth v. Benner*, 147 A.3d 915, 919 (Pa. Super. 2016).

We presume counsel is effective, and an appellant bears the burden to prove otherwise. *See Commonwealth v. Bennett*, 57 A.3d 1185, 1195 (Pa. 2012). The test for ineffective assistance of counsel is the same under both the Federal and Pennsylvania Constitutions. *See Strickland v. Washington*,

466 U.S. 668, 687-88 (1984); **Commonwealth v. Kimball**, 724 A.2d 326, 330-32 (Pa. 1999). An appellant must demonstrate: (1) his underlying claim has arguable merit; (2) the particular course of conduct pursued by counsel did not have some reasonable basis designed to effectuate his interests; and (3) but for counsel's ineffectiveness, there is a reasonable probability that the outcome of the proceedings would have been different. **See Commonwealth v. Solano**, 129 A.3d 1156, 1162-63 (Pa. 2015). A failure to satisfy any prong of the test for ineffectiveness will require rejection of the claim. **See id.** at 1163.

Sansone argues "trial counsel was ineffective for failing to object when Commonwealth expert Nurse Freidman improperly bolstered [the victim]'s allegations by explaining that her [diagnosis] was that [the victim] was sexually assaulted." Appellant's Brief, at 7. He maintains that the testimony, based on the history provided by the victim, was offered "without basis in fact," and was therefore inadmissible pursuant to **Maconeghy**. **Id.** at 8 (citations omitted); **see id.** at 12. We agree.

Pursuant to the Pennsylvania Supreme Court's decision, and in light of the undisputed fact that the SANE nurse relied on "sexual assault by history," not on physical findings, for her diagnosis that the victim in this matter was sexually assaulted, we conclude Sansone's claim has merit. Trial counsel should have objected to the SANE nurse's testimony that the victim was

sexually abused based only on the history the victim related to her. In fact, counsel admitted as much at the PCRA hearing.

We also conclude that the second prong of the ineffectiveness test, lack of a reasonable basis, has been met. At the PCRA hearing, trial counsel could not adequately explain why he did not object, offering only that he might have been focused on the fact that there was no physical evidence.

Finally, again based on **Maconeghy**, we are constrained to conclude Sansone was prejudiced by counsel's failure to object to this inadmissible testimony. **See Maconeghy**, 171 A.3d at 775-76 (noting, "[g]iven its determination that the [expert's] testimony was inadmissible, … the panel concluded that it was constrained to award a new trial" because the expert's testimony he believed child was victimized based only on her report to him where physical evidence was inconclusive would cause jury to defer to expert rather than assess victim's credibility on its own) (citation omitted); **see also Commonwealth v. Maconeghy**, 2015 WL 7078462, unpublished memorandum, at *5 (Pa. Super. June 12, 2015).

Order reversed, judgment of sentence vacated, case remanded for a new trial. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary


Date: <u>05/07/2025</u>