J-S47005-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ANDRE MOORE | : | |
| | : | |
| Appellant | : | No. 1253 EDA 2025 |

Appeal from the PCRA Order Entered April 17, 2025
In the Court of Common Pleas of Delaware County
Criminal Division at No(s):  CP-23-CR-0005396-2018

BEFORE:  PANELLA, P.J.E., OLSON, J., and BECK, J.

MEMORANDUM BY PANELLA, P.J.E.:                    **FILED MARCH 6, 2026**

Andrew Moore appeals from the order entered in the Delaware County Court of Common Pleas on April 17, 2025, dismissing his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa. C.S.A. §§ 9541-9546. Moore raises a single claim of ineffective assistance of counsel. After careful review, we find the PCRA court properly denied relief and affirm.

The trial court summarized the factual history of this matter as follows:

At the time of the event that gave rise to this prosecution, the victim was an eleven year-old child who resided with her aunt, [E.P], in the City of Chester. [] Moore[] was the boyfriend of [E.P.]. It was common for Moore to stay at the residence.

After school on the day in question, the child was alone in her bedroom watching television when Moore arrived later in the day. Moore then asked the child if she would like to watch a movie in her aunt's bedroom, something that was not uncommon. The child then turned off her TV and went into her aunt's room and laid down on the bed, resting her head on the pillow.

Moore then laid down in bed in the same direction, on the left-hand side of the child. While watching the movie, Moore put his hands under her clothing and began rubbing her vagina with his fingers. This lasted a couple of minutes and "hurt." Moore then asked her if she ever touched herself down there, or if she wanted him to touch her. Scared to move or answer, she just laid there facing the tv. Confused and wanting it to stop, she asked if she could go to the bathroom down the hall. [Moore] stopped the touching at that point, and the [child] walked down the hall to the bathroom.

The child went into the bathroom, shut the door, but the lock did not work. After going to the bathroom and pulling up her pants, Moore walked in, pulled down his pants and told her to turn around. Moore pulled down her pants, began rubbing his penis between her legs and at the same time grabbed onto her waist. As he was rubbing his penis between her legs, [Moore] had his hands grabbing onto her waist. When Moore stopped, he told her to clean off and left the bathroom. After using a washcloth to clean herself, the child[] went back to her bedroom. Moore walked by and told her not to tell her aunt. She then began crying, but eventually fell asleep without seeing her aunt.

The next morning, the [child] saw her aunt but was too frightened to tell her what had occurred, because she was afraid her aunt would be mad at her.

As the [child] was walking to Toby Farms Elementary School with her friend, she told the friend what had happened to her. Upon arriving at school, the [child] handed her friend her notebook. When the friend opened the notebook, she recognized the handwriting inside to be the [child]'s and read a sentence that said a guy stuck his finger inside of her and had sex with her.

Later, after she told another classmate what occurred, the classmate took her to the vice principal's office. The [child] told [the vice principal,] Dr. Baptiste, what occurred, who then called the school social worker, Ms. Cox-Coffman. The [child] told Ms. Cox-Cottman what occurred and Ms. Cox-Cottman made a formal report of child abuse to the Child Line Hotline. Officer Jennifer Jones, juvenile investigator of the Chester City police department met with the aunt, [E.P.], who informed Officer Jones what the [child] told her.

> Officer Jones then arranged for the child[] to be interviewed at the Child Advocacy Center (CAC). Based on the interview with [E.P.] and the CAC interview, she drafted the arrest warrant.
>
> At trial, the [child] testified, as did her classmate, M.C. Also testifying were [E.P.], Dr. Lorraine Baptiste, Tammy Cox-Cottman, and Suzanne Hawkins-Whiting.

Trial Court Opinion, 7/2/25, at 1-4 (citations omitted).

On September 12, 2019, following trial, a jury found Moore guilty of one count each of aggravated indecent assault of a complainant less than thirteen years of age, indecent assault of a complainant less than thirteen years of age, corruption of minors, and aggravated indecent assault of a child.

On November 26, 2019, the trial court sentenced Moore to an aggregate term of 11 years and 3 months to 22 years and 6 months' incarceration. This Court affirmed Moore's judgment of sentence, and our Supreme Court denied allowance of appeal. **See Commonwealth v. Moore**, 755 EDA 2020 (Pa. Super. filed June 30, 2021) (non-precedential memorandum), *appeal denied*, 272 A.3d 950 (Pa. 2022).

On March 25, 2022, Moore timely filed a *pro se* PCRA petition, raising numerous claims of ineffective assistance of trial counsel. Counsel was subsequently appointed to represent Moore and filed an amended PCRA petition. Eventually, after issuing notice of its intent to dismiss the PCRA petition without a hearing pursuant to Pa.R.C.P. 907, the PCRA court

dismissed the PCRA petition on January 30, 2023. Counsel filed a timely notice of appeal.[1]

On August 14, 2023, private counsel entered an appearance for Moore, and filed an appellate brief on Moore's behalf, arguing that the PCRA court erred when it ignored Moore's request for a **Grazier**[2] hearing prior to dismissal of his PCRA petition. A panel of this Court agreed and therefore vacated the PCRA court's order and remanded for a **Grazier** hearing. **See Commonwealth v. Moore**, 650 EDA 2023 (Pa. Super. filed August 29, 2024) (unpublished memorandum).

On September 23, 2024, the PCRA court held a **Grazier** hearing where Moore appeared without counsel and stated unequivocally that he wanted to represent himself. **See** N.T., **Grazier** Hearing, 9/23/24, at 5-6, 8-9. Following the hearing, the PCRA court entered an order finding Moore competent to proceed *pro se*, vacating all prior orders pertaining to the PCRA petition, and giving Moore the opportunity to file a new PCRA petition.

_____

[1] We note that Moore filed a *pro se* notice of appeal on February 14, 2023, which was docketed in this Court at 499 EDA 2023. Moore also filed another *pro se* notice of appeal on February 28, 2023, which was docketed at 651 EDA 2023. Subsequently, this Court *sua sponte* dismissed both *pro se* appeals as duplicative of the counseled notice of appeal docketed at 650 EDA 2023. Both dismissal orders stated that all properly preserved issues may be raised in the appeal at 650 EDA 2023.

[2] **Commonwealth v. Grazier**, 713 A.2d 81 (Pa. 1998).

- 4 -

Despite Moore's representations at the ***Grazier*** hearing, the same private counsel subsequently entered his appearance on Moore's behalf again. Counsel eventually filed an amended PCRA petition. Interestingly, the amended petition only raised a single issue of ineffective assistance of trial counsel, i.e., that trial counsel was ineffective for failing to object to the Commonwealth's serial references to the minor as a "victim," as improper opinion evidence. Following consideration of the Commonwealth's motion to dismiss the amended PCRA petition, the PCRA court issued a Rule 907 notice. After receiving Moore's response in opposition to the Rule 907 notice, the PCRA court dismissed the PCRA petition.[3] This timely appeal followed.

Moore raises the following single issue on appeal:

Did the PCRA [c]ourt err when it dismissed [Moore]'s claim that trial counsel was ineffective for failing to prevent the jury from hearing the Complainant described as "the victim" twenty-six times, which included said references by defense counsel and the trial court?

Appellant's Brief, at 2.

Preliminarily, we note this issue is distinct from the issue raised in Moore's counseled amended PCRA petition that is currently before us. In the petition, Moore argued that trial counsel was ineffective for "failing to object to **the Commonwealth's serial references** to the minor as a 'victim' before

_____

[3] On February 12, 2025, the PCRA court prematurely entered an order dismissing the PCRA petition prior to issuing its Rule 907 notice. The court subsequently vacated the February 12, 2025 order.

the jury." Amended PCRA Petition, 1/10/25, at 5 (emphasis added). Specifically, Moore stated "Commonwealth witness officer Jennifer Jones referred [to] the minor as a 'victim' approximately twenty-three times. *See*, N.T. 9/11/19 at 7-105." ***Id***. Moore went on to argue that trial counsel "did not object to any of these instances of **a law enforcement officer** repeatedly referring to the minor as 'the victim.'" ***Id.*** (emphasis added). Moore continued to emphasize that this "opinion testimony" was especially improper as it was provided by "law enforcement." ***See id.*** at 6-7. Moore argued that the jury hearing this testimony from a law enforcement officer was impermissible, and that if trial counsel had objected to such testimony, "Officer Jones' testimony would have been properly sanitized …." ***Id.***

Now, on appeal, Moore argues that the jury heard improper opinion testimony and commentary from not just the police witness, but also the prosecutor, the defense lawyer, and the trial judge. ***See*** Appellant's Brief, at 2, 8; ***see also*** Appellant's 1925(b) statement, at 1-2.

To the degree any claims raised on appeal were not included in Moore's amended PCRA petition in the first instance, they are waived. ***See*** Pa.R.A.P. 302(a); ***see also Commonwealth v. Santiago***, 855 A.2d 682, 691 (Pa. 2004) (stating "a claim not raised in a PCRA petition cannot be raised for the first time on appeal"). Our Supreme Court has explained:

> Regardless of the reasons for Appellant's belated raising of this issue, it is indisputably waived.

> We have stressed that a claim not raised in a PCRA petition cannot be raised for the first time on appeal. We have reasoned that permitting a PCRA petition to append new claims to the appeal already on review would wrongly subvert the time limitation and serial petition restrictions of the PCRA.

*Santiago*, 855 A.2d at 691 (citation, brackets, and internal quotation marks omitted).

As Moore's claim raised, and therefore preserved, in his amended PCRA was entirely based on the witness's status as a law enforcement officer, we find any other claims raised on appeal related to other individuals are waived, as they were not raised in the amended PCRA petition. We therefore focus our analysis solely on the officer's testimony.

Our review of an order dismissing a PCRA petition is limited to examining whether the PCRA court's determinations are supported by the record, and the court's decision is free of legal error. *See Commonwealth v. Shaw*, 217 A.3d 265, 269 (Pa. Super. 2019). Although we give great deference to the factual findings of the PCRA court and will not disturb those findings unless they have no support in the record, we apply a *de novo* standard of review to the PCRA court's legal conclusions. *See Commonwealth v. Benner*, 147 A.3d 915, 919 (Pa. Super. 2016).

Further, the PCRA court is not required to hold an evidentiary hearing prior to dismissing a petition, as a petitioner is not entitled to a PCRA hearing as a matter of right. *See Shaw*, 217 A.3d at 269. The PCRA court can decline to hold a hearing if there is "no genuine issue concerning any material fact,

the petitioner is not entitled to PCRA relief, and no purpose would be served by any further proceedings." ***Id.***

Moore raises a single claim of ineffective assistance of counsel. We presume counsel is effective, and an appellant bears the burden to prove otherwise. ***See Commonwealth v. Bennett***, 57 A.3d 1185, 1195 (Pa. 2012). The test for ineffective assistance of counsel is the same under both the Federal and Pennsylvania Constitutions. ***See Strickland v. Washington***, 466 U.S. 668, 687-88 (1984); ***Commonwealth v. Kimball***, 724 A.2d 326, 330-332 (Pa. 1999). An appellant must demonstrate: (1) his underlying claim is of arguable merit; (2) the particular course of conduct pursued by counsel did not have some reasonable basis designed to effectuate his interests; and (3) but for counsel's ineffectiveness, there is a reasonable probability that the outcome of the proceedings would have been different. ***See Commonwealth v. Solano***, 129 A.3d 1156, 1162 (Pa. 2015). A failure to satisfy any prong of the test for ineffectiveness will require rejection of the claim. ***See id***., at 1163. "[B]oilerplate allegations and bald assertions of no reasonable basis and/or ensuing prejudice cannot satisfy a petitioner's burden to prove that counsel was ineffective." ***Commonwealth v. Sandusky***, 203 A.3d 1033, 1044 (Pa. Super. 2019) (citation omitted).

On appeal, Moore asserts the PCRA court should have held a hearing on his assertion that trial counsel was ineffective for failing to object to Officer Jones' use of the term "victim." However, Moore was not entitled to a hearing

on this claim, as he failed to show he was prejudiced by trial counsel's failure to object to the use of the term "victim" by a law enforcement witness on direct examination.

Importantly, Moore has not cited to any case law regarding ineffective assistance for failure to object to the use of the term "victim," and we are not aware of any such caselaw. Without caselaw, Moore's assertions of prejudice are merely conclusory.

Officer Jones only used the word "victim" a handful of times, a few of which were not even in reference to the complainant in this case, *see* N.T., Jury Trial, 9/11/19, at 7 (Officer Jones clarifying that she works with juveniles in their capacity as victims, not as defendants); *see also id.* at 11 (Officer Jones explaining that she does not personally interview every juvenile when a CYS report comes in because she "tr[ies] to be delicate when it comes to victims to make sure they're not constantly interviewed over and over.").

Officer Jones did not express any opinions on the complainant's veracity or credibility. Rather, Officer Jones was explaining the procedure that she generally goes through with each juvenile victim she works with, and how that procedure played out in this matter. The word victim is not an uncommon term of art for a law enforcement witness. Accordingly, Officer Jones switching between the term "victim" and "child" a few times makes sense under the circumstances of her explaining the process of working with juveniles who have reported themselves as victims of a crime.

Finally, and importantly, the jury was properly instructed on how to consider a witness' testimony and credibility. ***See*** N.T., Jury Trial, 9/10/19, at 96, 100-101; ***see also*** N.T., Jury Trial, 9/12/19, at 61-63. "The jury is presumed to follow the court's instructions." ***Commonwealth v. Anderson***, 327 A.3d 273, 285 (Pa. Super. 2024) (citation omitted).

Because Moore has not shown he was prejudiced by counsel's conduct, he was not entitled to an evidentiary hearing on the ineffectiveness claim. ***See Ousley***, 21 A.3d at 1244 (Pa. Super. 2011); ***Shaw***, 217 A.3d at 269. Since Moore has not established the PCRA court erred in rejecting his petition, we affirm the PCRA court's order dismissing his petition.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 3/6/2026

- 10 -